Filed 4/8/20 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

<table>
<tr><td>In re DAVID C., a Person Coming Under the Juvenile Court Law.</td><td></td></tr>
<tr><td>THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID C.,<br><br>    Defendant and Appellant.</td><td>A157151<br><br>(Napa County<br>Super. Ct. No. 201835749-02)<br><br><br>ORDER MODIFYING OPINION;<br>CHANGE IN JUDGMENT</td></tr>
</table>

THE COURT:

It is ordered that the opinion filed herein on April 8, 2020, be modified as follows: In the disposition, "Condition 31" is modified to read "Condition 13."

This modification changes the judgment.

Dated: _____April 08, 2020_____     _____Fujisaki, J. ,Acting P. J._____

1

A157151/In re David C.

**Trial Court:**     Superior Court of Napa County

**Trial Judge:**     Cynthia P. Smith, J.

**Counsel:**     Nathaniel Miller, under appointment by the Court of Appeal, Jonathan Soglin and James Donnelly-Saalfield for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters and Jeffrey M. Laurence, Assistant Attorneys General, Seth K. Schalit and Lisa Ashley Ott, Deputy Attorneys General, for Plaintiff and Respondent.

Filed 4/8/20 (unmodified version)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re DAVID C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. DAVID C., Defendant and Appellant. | A157151 (Napa County Super. Ct. No. 201835749-02) |

Minor appeals from a juvenile court order placing him on probation after the court found true allegations of indecent exposure (Pen. Code, § 314, subd. 1) and simple battery (Pen. Code, § 242). He challenges multiple conditions of probation. We strike the electronics search condition and modify several other probation conditions.

## BACKGROUND

### A. Prosecution Case

In March 2018, when minor and his 14-year-old female classmate C.S. were seated next to each other in the back row of their high school English class, minor asked C.S. if he could "finger" her and have sex with her after school. C.S. said no. She then heard minor unzip his pants and saw him hold his penis up with his hand. Minor asked C.S. if she would please do it; she

1

said "no, that's not happening," and minor zipped up his pants. C.S. reported the incident to school authorities later the same day.

Several days prior to minor's incident with C.S., minor touched M.I., another 14-year-old female classmate, during English class. Minor touched M.I.'s thigh and put his hand through a hole in her jeans, touching the top of her underpants. M.I. told minor to stop and pushed his hand away. Minor continued to touch M.I. on her side and put his hand on her back and in her "bra area . . . ." Again, M.I. pushed his hand away. She reported the incident to school authorities a few days later.

## B. Defense Case

Minor denied exposing himself to C.S. He testified that after C.S. jokingly said "fuck you" to minor, he jokingly replied, "[W]hen?" and he gestured toward pulling his pants down but did not actually do so.

Minor testified he and M.I. had been "talking" for several months and M.I. had told him she wanted to have a relationship with him. Minor and M.I. sometimes walked to class together and held hands. On the day of the incident, minor put his hand on M.I.'s thigh, and she initially smiled but then pushed his hand away. He asked her what was wrong and grabbed her hand, and again she pulled her hand away. Then he placed his hand on her "waist area" and again asked her what was wrong. M.I. hit his hand away. Minor did not try to touch her any further. He denied touching her in the groin, buttocks, or breasts or on top of her underwear.

## C. Disposition

On February 14, 2019, the juvenile court sustained a petition filed by the Napa County District Attorney under Welfare and Institutions Code

section 602,[1] finding minor had committed indecent exposure (Pen. Code, § 314, subd. 1) and simple battery (Pen. Code, § 242). On April 8, 2019, the court held a disposition hearing at which it declared minor to be a ward of the juvenile court, ordered him to remain in the home of his mother, placed him under the supervision of the probation department, and imposed multiple probation conditions.

## DISCUSSION

### A. Legal Principles

When a juvenile court places a minor on probation, it " 'may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' [Citations.] ' "In fashioning the conditions of probation, the . . . court should consider the minor's entire social history in addition to the circumstances of the crime." ' [Citation.] The court has 'broad discretion to fashion conditions of probation' [citation], although 'every juvenile probation condition must be made to fit the circumstances and the minor.' " (*In re P.O.* (2016) 246 Cal.App.4th 288, 293–294.) "We review the juvenile court's probation conditions for abuse of discretion, and such discretion will not be disturbed in the absence of manifest abuse." (*In re Erica R.* (2015) 240 Cal.App.4th 907, 912.) However, "[w]hether a term of probation is unconstitutionally vague or overbroad presents a question of law, which we review de novo." (*People v. Stapleton* (2017) 9 Cal.App.5th 989, 993.)

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

## B. Condition 21:  Electronics Search Condition

The probation department's dispositional report recommended that minor be subject to an electronics search condition requiring him to disclose passwords and access codes to his accounts and devices.  Minor objected that the electronics search condition failed the reasonableness test under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) because it was not reasonably related to minor's future criminality.  The juvenile court initially agreed and struck the recommended electronics search condition, stating "because there was no electronic [*sic*] use from these allegations I don't think it will survive [under *Lent*]."[2]  The People argued that if minor needed sex offender treatment (which was also recommended in the dispositional report), the probation officer would need to be able to access what minor views online.  The district attorney stated:  "I don't know that we have any sex offenders that are currently being supervised . . . where we don't have the ability to see what they're looking at on the Internet."

The juvenile court then incorporated the electronics search condition into condition 21, as follows:  "The minor attend, actively participate in, and complete individual or group sex offender counseling if recommended by a treatment provider after a psychological/psychiatric evaluation is completed and at the direction of the probation officer.  The minor and or the minor parents [*sic*] shall pay program fees.  The minor shall be required to produce a doctor's note for any missed treatment unless absence is pre-approved by the probation officer.. [*Sic.*]  If the treatment provider recommends a safety

---

[2] The juvenile court elaborated:  "It's just that in this particular case, there is no allegation . . . of Internet, texting, emailing, sending photographs, posting things on Instagram, which may be more common than other cases.  This was in the classroom, . . . two specific instances.  The Court just wants to be sure that the terms comport with the Lent case."

plan, the minor, his parents, [and] probation will work with the provider to develop a safety plan. *If the treatment provider determines it's therapeutically necessary for probation to monitor the minor's internet accounts or means of accessing online accounts the minor shall disclose to his probation officer all passwords and access codes. Furthermore, the minor submit [sic] all electronic devices under his or her control to search and seizure at any time of the day or night with or without a search warrant, arrest warrant, or reasonable suspicion. This search shall be confined to areas of the electronic devices where evidence likely to reveal criminal activity or where probation violations may be found. Contraband seized by the probation officer shall be disposed of, stored or returned at the discretion of the probation officer*[.]" (Italics added.) Minor argues the italicized portion of condition 21 does not satisfy the reasonableness test under *Lent* and impermissibly delegates the court's discretion to a treatment provider. We agree the electronics search condition is unreasonable under the *Lent* test and *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*).

"A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' " (*Lent, supra*, 15 Cal.3d at p. 486.) Under the *Lent* test, "all three prongs must be satisfied before a reviewing court will invalidate a probation term." (*People v. Olguin* (2008) 45 Cal.4th 375, 379.) The *Lent* test governs juvenile and adult probation cases. (*Ricardo P., supra*, 7 Cal.5th at p. 1119.)

Here the parties do not dispute that the first two prongs of *Lent* are satisfied; they argue only about the third prong, that is, whether the condition is reasonably related to future criminality. *Ricardo P.* addressed

5

the same issue in the case of a minor who admitted to a felony burglary that did not involve any electronics use and then challenged a probation condition allowing warrantless searches of his electronic devices and accounts. (*Ricardo P., supra*, 7 Cal.5th at p. 1115.)

In *Ricardo P.*, the juvenile court justified the condition as useful to monitor Ricardo's compliance with other conditions prohibiting drug use and possession, the theory being that juveniles use their phones to buy drugs and brag about drug use online. (*Ricardo P., supra*, 7 Cal.5th at pp. 1115–1117.) Our high court clarified that "*Lent*'s requirement that a probation condition must be ' "reasonably related to future criminality" ' contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition." (*Id.* at p. 1122.) It struck the electronics search condition as not reasonably related to Ricardo's future criminality, finding that the condition imposed "a very heavy burden on privacy with a very limited justification." (*Id.* at pp. 1124, 1129.) The burden imposed on Ricardo's privacy was "substantially disproportionate to the condition's goal of monitoring and deterring drug use," and, thus, the court held the condition invalid under *Lent*. (*Id.* at p. 1120.) In rejecting the People's argument that the condition was justified because it would aid in monitoring Ricardo's drug usage, the high court stated: "If we were to find this record sufficient to sustain the probation condition at issue, it is difficult to conceive of any case in which a comparable condition could not be imposed, especially given the constant and pervasive use of electronic devices and social media by juveniles today. In virtually every case, one could hypothesize that monitoring a probationer's electronic devices and social media might deter or prevent future criminal conduct." (*Id.* at p. 1123.)

Here the juvenile court initially noted that "because there was no electronic [*sic*] use from these allegations I don't think [the electronics search condition] will survive [under *Lent*]." In response, however, to the People's statement that minors in sex offender treatment programs are generally subject to electronics search conditions so that probation officers are able "to see what they're looking at on the Internet," the juvenile court imposed condition 21, requiring minor to disclose to his probation officer "all passwords and access codes" and to "submit all electronic devices under his . . . control to search and seizure at any time of the day or night with or without a search warrant, arrest warrant, or reasonable suspicion." Although the order conditions minor's disclosure of passwords and access codes on a treatment provider's determination that "it's therapeutically necessary for probation to monitor the minor's internet accounts," we find the condition fails *Lent*'s third prong for the reasons explained in *Ricardo P.*

As in *Ricardo P.*, the burden imposed on minor's privacy is "substantially disproportionate to the condition's goal . . . ." (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1120.) Nothing in the record suggests minor's crimes involved any use of electronics. The People did not articulate a specific justification for the search condition, and instead provided only a general statement that minors in sex offender treatment are typically subject to such search conditions so that "we . . . have the ability to see what they're looking at on the Internet." This general statement alone is insufficient to find that the electronics search condition is " 'reasonably related to future criminality' " in this case, and, thus, the condition fails the *Lent* test. (*Ricardo P.*, at p. 1124.)

The People argue *Ricardo P.* is distinguishable because the provision at issue there allowed for " 'full access' " to Ricardo's phone, whereas here the

search condition is " 'confined to areas of the electronic devices where evidence likely to reveal criminal activity or where probation violations may be found' " and is triggered only upon a finding by minor's treatment provider that the search condition is " 'therapeutically necessary.' "  According to the People, these limitations demonstrate "more than just an abstract or hypothetical relationship between the probation condition and preventing future criminality" (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1121) and will allow the probation department to monitor minor's compliance with other probation conditions, including that he have no contact with the victims, not possess sexually explicit materials, and not access sexually explicit phone services.

We agree with minor that confining the search condition to "areas of the electronic devices where evidence likely to reveal criminal activity or where probation violations may be found" does not meaningfully narrow the scope of the search condition.  It still imposes a "very heavy burden" (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1124) on minor's privacy interests because it permits searches of social media accounts, e-mails, text messages, search histories, and digital photos and videos.  (See *In re J.B.* (2015) 242 Cal.App.4th 749, 758–759 [questioning whether limiting electronics search conditions to text messages, voicemail messages, call logs, photographs, e-mail accounts and social media accounts is any limitation at all]; *Riley v. California* (2014) 573 U.S. 373, 399 ["a rule that would restrict the scope of a cell phone search to those areas of the phone where an officer reasonably believes that information relevant to the crime, the arrestee's identity, or officer safety will be discovered . . . would again impose few meaningful constraints on officers.  The proposed categories would sweep in a great deal of information, and officers would not always be able to discern in advance what information would be found where"].)

Given the heavy burden imposed by the search condition, there needs to be a "correspondingly substantial and particularized justification" for the condition to be valid. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1126.) Here, the record does not reveal any such "substantial and particularized justification." As in *Ricardo P.,* here minor did not use electronic devices in connection with his offenses, and nothing in the record indicates he "has ever used electronic devices to commit, plan, discuss, or even consider . . . any . . . criminal activity." (*Id.* at p. 1119.) In *Ricardo P.* the juvenile court specifically found that the electronics search condition was " 'a very important part of being able to monitor [the minor's] drug usage' " (*id.* at p. 1117), because " 'minors typically will brag about their marijuana usage or drug usage . . . by posting on the Internet . . . .' " (*Id.* at p. 1122.) The high court found the electronics search condition was not justified by this generalization regarding juveniles' conduct and the juvenile court's hypothesis that monitoring electronic devices might deter or prevent future criminal conduct. (*Id.* at pp. 1122–1123.) Here, the juvenile court made no specific finding that the electronics search condition was necessary to monitor minor's compliance with probation conditions or to deter future criminal conduct, but it seems to have relied upon the district attorney's general statement that she did not know of any sex offenders being supervised "where we don't have the ability to see what they're looking at on the Internet." Even assuming the juvenile court accepted the People's statement as the justification for imposing the electronics search condition, we find this generalized statement, without more, to be an insufficient basis under *Lent* and *Ricardo P.* The record does not establish "a connection between the . . . condition and the probationer's criminal conduct or personal history—an actual connection apparent in the evidence, not one that is just abstract or hypothetical." (*In re Alonzo M.*

9

(2019) 40 Cal.App.5th 156, 166, citing *Ricardo P.*, *supra*, 7 Cal.5th at pp. 1120–1121.)

The People argue the connection between the condition and preventing future criminality is not abstract or hypothetical because the search condition is contingent upon minor's treatment provider's finding it to be "therapeutically necessary" and the condition will enable the probation officer to monitor compliance with various probation conditions. Facilitating supervision of a probationer does not automatically make a condition reasonably related to future criminality. (See *Ricardo P.*, *supra*, 7 Cal.5th at p. 1120.) Nor is the condition saved because it is contingent upon a finding by a treatment provider that it is "therapeutically necessary." Nothing in the record establishes that the electronics search condition is valid as " 'reasonably related to future criminality,' " and a treatment provider's finding of "therapeutic necessity" at some later date is not equivalent to a finding that the burden imposed is proportional to the legitimate interests served by the condition. (*Ricardo P.*, at p. 1122.)[3]

For these reasons, we strike the electronics search portion of condition 21 (the italicized language).[4]

---

[3] Because we find the electronics search portion of condition 21 invalid under *Lent* and *Ricardo P.*, we do not reach minor's argument that the condition improperly delegates the court's discretion to the treatment provider.

[4] We leave for the juvenile court the decision of whether to craft an alternative electronics search condition more narrowly tailored to the court's specific concerns regarding minor's involvement in future criminal activity and what the parameters of such condition might look like. (See *Ricardo P.*, *supra*, 7 Cal.5th at pp. 1116–1117, 1124.)

### C. Condition 29: Prohibiting Possession of Sexually Explicit Materials

#### *1. Conflict between order and disposition report and reporter's transcript.*

The parties agree that the juvenile court orally imposed, over minor's objections on the grounds of vagueness and overbreadth, what was numbered as condition 41 in the dispositional report, which states: "The minor shall not own, use, or possess any materials or items that have a primary purpose of causing sexual arousal, including computer based movies, videos, magazines, books, games, sexual aids or devices, nor shall he/she knowingly visit any establishment where such materials or items are the primary commodity for sale."

The parties also agree that the juvenile court's written order mistakenly includes different language than the juvenile court's oral pronouncement.[5] "The California Supreme Court has . . . stated that 'a record that is in conflict will be harmonized if possible,' but if the reporter's transcript and the clerk's transcript . . . cannot be reconciled, we do not automatically defer to the reporter's transcript, but rather adopt the transcript that should be given greater credence under the circumstances of the particular case. [Citations.]" (*People v. Contreras* (2015) 237 Cal.App.4th 868, 880.) Here, the dispositional report includes condition 41 and the reporter's transcript indicates the juvenile court adopted the language of condition 41. The different language used in condition 29 in the dispositional

---

[5] In the written order, the sexually explicit materials condition is renumbered as condition 29 and states: "The minor is prohibited from possessing, accessing[,] producing, purchasing or subscribing to sexually explicit materials which the minor knows are pornographic in nature, or that the probation officer has informed the minor are pornographic in nature, including any materials representing any identified fetish."

order was not referenced or discussed at the dispositional hearing. We find that the record as a whole indicates the language of condition 41 in the dispositional report was adopted by the juvenile court's oral pronouncement and was intended to be included in the dispositional order in place of the language of condition 29. Accordingly, we modify condition 29 so that it is consistent with condition 41 in the dispositional report.[6]

### 2. *Probation condition prohibiting possession of materials that have a primary purpose of causing sexual arousal is not unconstitutionally vague.*

Minor argues, further, that the language of condition 41 in the dispositional report (adopted in the modified condition 29) should be stricken as unconstitutionally vague and overbroad. The cases minor relies upon found probation conditions prohibiting pornographic or sexually explicit materials to be unconstitutionally vague. (See *In re D.H.* (2016) 4 Cal.App.5th 722, 727–729 [probation condition forbidding " 'pornography' " is unconstitutionally vague]; *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1345, 1352–1353 [condition forbidding " 'any pornographic or sexually explicit material as defined by the probation officer' " is unconstitutionally vague]; *U.S. v. Adkins* (7th Cir. 2014) 743 F.3d 176, 193–196 [condition forbidding " 'any pornography or sexually stimulating material or sexually oriented material' " is unconstitutionally vague]; *U.S. v. Goodwin* (7th Cir. 2013) 717 F.3d 511, 515, 524–525 [conditions forbidding any "material that 'contains nudity or . . . depicts or alludes to sexual activity or depicts sexually arousing material' " and " 'sexually arousing material, including child pornography' "

---

[6] Condition 29 is modified to state: "The minor shall not own, use, or possess any materials or items that have a primary purpose of causing sexual arousal, including computer-based movies, videos, magazines, books, games, and sexual aids or devices; nor shall he knowingly visit any establishment where such materials or items are the primary commodity for sale."

are unconstitutionally vague]; *U.S. v. Antelope* (9th Cir. 2005) 395 F.3d 1128, 1141–1142 [condition forbidding " 'any pornographic, sexually oriented or sexually stimulating materials' " is unconstitutionally vague]; *U.S. v. Guagliardo* (9th Cir. 2002) 278 F.3d 868, 872 [condition forbidding " 'any pornography' " is unconstitutionally vague]; *U.S. v. Loy* (3d Cir. 2001) 237 F.3d 251, 261–265 [condition forbidding " 'all forms of pornography, including legal adult pornography' " is unconstitutionally vague].)

In contrast to the foregoing cases cited by minor, the modified condition 29 at issue here does not contain the word "pornographic," which has been found to be unconstitutionally vague. (See *In re D.H.*, *supra*, 4 Cal.App.5th at p. 728.) The modified condition 29 prohibits possession of materials "that have a primary purpose of causing sexual arousal . . . ." We find that the phrase "primary purpose of causing sexual arousal" is a sufficiently clear standard that will in almost all cases allow minor to readily determine whether materials are prohibited. (See *People v. Morgan* (2007) 42 Cal.4th 593, 606 [" ' "[a] statute is not void [for vagueness] simply because there may be difficulty in determining whether some marginal or hypothetical act is covered by its language" ' "].) Even minor acknowledges that the "primary purpose" language at issue here might narrow the range of materials covered.

### D. Conditions 18 and 22: Psychological/Psychiatric Evaluation and Assessments, Including Polygraph

Condition 18 requires minor to "submit to a psychological/psychiatric evaluation as directed by the probation officer," and condition 22 states minor "shall submit to any and all programs of psychological assessment at the direction of treatment provider, including, but not limited to, ABEL Screening and post dispositional polygraph examinations. The minor and his/her parents shall sign a release of information and be financially liable for the aforementioned assessments and shall provide the probation officer and

13

treatment provider with the completed reports to assist in treatment planning and case monitoring." Minor argues these conditions are unconstitutionally vague and improper delegations of judicial discretion because they give the probation officer and treatment providers discretion to require minor to undergo *any* psychological/psychiatric evaluation or assessment. He further argues condition 22 is overbroad because it does not limit the permissible polygraph questions, and he asserts the financial liability portion of condition 22 is unauthorized as a matter of law.

### 1. Psychological/psychiatric evaluation and assessment provisions are not unconstitutionally vague.

Minor asserts that the alleged vagueness of conditions 18 and 22 can be addressed by modifying these conditions to specify that minor is only "required to submit to a psychological/psychiatric evaluation *for the purpose of assessing the appropriateness of a sex offender treatment program*, and psychological assessments *for the purpose of providing sex offender treatment*."[7] He argues that without this modification, these conditions fail to provide him with fair notice of the psychological/psychiatric evaluations and psychological assessments he may be required to complete and they also impermissibly delegate basic policy matters to the treatment provider and probation officer. We disagree.

The challenged conditions allow for psychological/psychiatric evaluations and assessments as directed by the minor's probation officer or treatment provider. This is not a situation where the minor will be uncertain as to how to comply with these conditions. "A probation condition 'must be

---

[7] Minor did not object below to condition 18, and he objected to condition 22 only on the grounds that the polygraph portion was overbroad. However, we find his constitutional vagueness challenge presents a pure question of law, which we review de novo and which may be raised for the first time on appeal. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888–889.)

sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 890.) The challenged conditions withstand minor's vagueness challenge because he will be directed to submit to certain evaluations and assessments deemed necessary by his probation officer or treatment provider.[8]

### 2. *The juvenile court did not improperly delegate its discretion.*

Minor argues the challenged conditions " ' "impermissibly delegate[] basic policy matters" ' " to the probation officer and treatment provider. (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 890.) Not so. First, minor's selective quote from *Sheena K.* is misleading. The quote refers to general principles of the vagueness doctrine where a law fails to provide adequate notice and also " ' "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." ' " (*Ibid.*) Whereas here, the minor will know what is expected of him given that he will be directed by his treatment provider or probation officer regarding the required evaluations and assessments. Second, a "court may leave to the discretion of

---

[8] Minor's proposed clarification to limit the evaluations and assessments by adding "for the purpose of assessing the appropriateness of a sex offender treatment program" is unnecessarily limiting given that condition 20 (which the minor does not challenge) provides the minor shall attend "individual counseling, family counseling, substance abuse counseling, Aggression Replacement Training (ART), Thinking for a Change, Cognitive Behavior Group" at the direction of his probation officer. The record does not support minor's contention that the evaluations and assessments that may be imposed under conditions 18 and 22 are only for the purpose of sex offender treatment.

the probation officer the specification of the many details that invariably are necessary to implement the terms of probation." (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358–1359.)  Moreover, determining the precise evaluations and assessments to which minor should submit in order to proceed with counseling is the type of detailed decision the trial court is "poorly equipped to micromanage . . . ." (*People v. Penoli* (1996) 46 Cal.App.4th 298, 301–302, 308 [upholding probation condition requiring defendant to enter drug treatment program " 'as approved by the Probation Officer' "].)

### 3.  *The polygraph condition is not overbroad.*

Minor argues condition 22 is overbroad because it does not limit the questions that may be asked during polygraph examinations and that it should be modified to limit the questions to those reasonably related to minor's sex offender treatment or his underlying offense.  Minor cites *Brown v. Superior Court* (2002) 101 Cal.App.4th 313, which held that a polygraph probation condition imposed on an adult probationer must limit the questions to those relating to the successful completion of the stalking therapy program and the crime of which Brown was convicted.  (*Id.* at p. 321.)  The polygraph condition at issue in *Brown* required "periodic polygraph examinations at [defendant's] expense, at the direction of the probation officer." (*Id.* at p. 318.)  Here, minor is required to submit to polygraph examinations as a "program[] of psychological assessment at the direction of treatment provider . . . ."

The People argue the polygraph condition is adequately limited as part of a psychological assessment at the direction of minor's treatment provider and is not unconstitutionally overbroad in light of the rehabilitative goals of the juvenile courts and the rehabilitative purpose of sex offender treatment programs.  (See *People v. Garcia* (2017) 2 Cal.5th 792 [rejecting claim of

16

overbreadth regarding condition requiring "participat[ion] 'in polygraph examinations, which shall be part of the sex offender management program' " under Pen. Code, § 1203.067, subd. (b)].) We agree. As written, the scope of any examination directed by minor's treatment provider will be for purposes of psychological assessment as part of minor's treatment and counseling. No further limitation is required. (*Garcia*, at p. 809.)

### 4. Payment Obligation.

Minor argues the portion of condition 22 making minor and his parents financially liable for the assessments is unauthorized by law, and that even if the costs of the assessments are authorized, payment of such costs cannot be a condition of probation and would need to be imposed by a separate order. Minor did not object on this basis below but argues that because the condition is "unauthorized as a matter of law and correctable without reference to factual findings" it may be challenged at any time. (*People v. Kim* (2011) 193 Cal.App.4th 836, 842.) We agree that the financial liability portion of condition 22 is unauthorized and that minor may raise the issue of an unauthorized sentence for the first time on appeal.

Minor correctly asserts that a previous version of section 903.2 authorized a juvenile court to impose the costs of "probation supervision" upon a minor's parents or other persons responsible for a minor's support, but that section 903.2 was amended effective January 1, 2018, to significantly limit the imposition of costs. (§ 903.2.) The current version of section 903.2, which was in effect at the time of the April 2019 dispositional hearing in this matter, authorizes the imposition of costs only for "the home supervision of the minor" in limited circumstances.[9] (*Ibid.*)

---

[9] Section 903.2, subdivision (a), as amended by Statutes 2017, chapter 678, section 22, states: "The juvenile court may require that the father, mother, spouse, or other person liable for the support of a minor . . . shall be

The People agree section 903.2 is not applicable here but argue the financial liability portion of condition 22 is authorized under section 730, subdivision (b), which allows the juvenile court to "make any and all reasonable orders for the conduct of the ward" and "require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced."  The People do not cite any case law supporting this position that the authority provided in section 730 permits orders holding juveniles and their parents or guardians financially liable for the costs of psychological assessments as part of probation.  We reject the People's overbroad reading of section 730, particularly in light of the revisions effective January 1, 2018, to section 903.2, which repealed the portion of the statute imposing costs of probation on minors or their parents or guardians.

Accordingly, we strike the phrase "and be financially liable" from condition 22.

### E. Condition 25:  $100 Fine Pursuant to Section 730.5

Minor contends the juvenile court was not authorized to impose a $100 fine under section 730.5 as a condition of probation because the fine is a collateral obligation not oriented toward minor's rehabilitation.  (*People v. Kim*, *supra*, 193 Cal.App.4th at p. 842.)  He argues the fine should be imposed as a separate order, not as a condition of probation.

---

liable for the cost to the county of the home supervision of the minor . . . ."  Former section 903.2, subdivision (a) stated:  "The juvenile court may require that the father, mother, spouse or other person liable for the support of a minor . . . shall be liable for the cost to the county of the probation supervision, home supervision, or electronic surveillance . . . ."  (Former § 903.2, subd. (a), added by Stats. 1968, ch. 1225, § 1 and amended by Stats. 1996, ch. 355, § 1.)

The People agree that for adults, nonpunitive fines and fees that are collateral to a defendant's crimes may not be made a condition of probation unless specifically authorized by statute. (See *People v. Hall* (2002) 103 Cal.App.4th 889, 892 [payment of probation costs cannot be made a condition of probation].) "An order directing payment of collateral costs like the court security fee is thus not enforceable as a probation condition but instead only as a separate money judgment in a civil action, and the order should thus be imposed as a separate order entered at judgment." (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1403, overruled on other grounds as stated in *People v. Aguilar* (2015) 60 Cal.4th 862, 865.) The People, however, argue that juvenile criminal defendants may be required to pay such collateral fines as a condition of probation based on the juvenile court's broad discretion to impose "any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (§ 730, subd. (b).) We agree with minor that there is no reason to distinguish between adult and juvenile cases with respect to collateral financial obligations.

The language of section 730.5 supports minor's position. It states: "When a minor is adjudged a ward of the court on the ground that he or she is a person described in Section 602, in addition to any of the orders authorized by Section . . . . 730, . . . . the court may levy a fine against the minor up to the amount that could be imposed on an adult for the same offense . . . ." Section 730.5 is silent as to whether such a fine may be imposed as a condition of probation, but it states that any such fine may be "in addition to any of the orders authorized by Section . . . 730 . . . ." Section 730 is the general section applicable to probation supervision orders. We read section 730.5 to allow a juvenile court to impose a separate order imposing a fine "in

19

addition to any" probation order.  Based on the record, the section 730.5 fine appears to be a collateral financial obligation, and there is no statutory authority providing for the fine to be imposed as a condition of probation.[10] Accordingly, condition 25 is stricken, and on remand the juvenile court may issue a new, separate order imposing the section 730.5 fine.

### F. Condition 13 (Stay Away from Schools Unless Enrolled) Should Be Modified to Clarify Typographical Error

Condition 13 states:  "The minor shall not to knowingly be within 50 yards of the campus or grounds of any school unless enrolled, accompanied by a parent or guardian, or responsible adult, authorized by the prior permission of school authorities." (*Sic.*)  Minor asserts, and the People agree, that the condition should be modified to insert "or" after "adult," which will make the condition consistent with Judicial Council Forms, form JV-624.[11]  We find condition 13 vague as written, and we direct the juvenile court to modify condition 13 on remand to insert "or" after "adult."

### G. Condition 31:  Prohibiting Minor from Accessing Sexually Explicit Phone Services and Requesting That Minor's Parents Provide Copies of Phone Bills

Condition 31 states:  "The minor is prohibited from accessing sexually explicit phone services or subscribers, including 1-900 numbers, and parents may be required to provide probation with copies of phone bills."  Minor contests the portion of the condition stating "and parents may be required to provide probation with copies of phone bills."  He asserts it violates his

---

[10] In contrast to section 730.5, section 730.6, subdivision (*l*) specifically states:  "Upon a minor being found to be a person described in Section 602, the court shall require, as a condition of probation, the payment of restitution fines and orders imposed under this section."  (§ 730.6, subd. (*l*).)

[11] Minor requests that we take judicial notice of Judicial Council Forms, form JV-624, and we grant his request.

20

parents' Fourth Amendment rights and their procedural due process rights and is fundamentally unfair. Neither minor nor his parents raised this issue in the juvenile court.

Minor relies on *In re Malik J.* (2015) 240 Cal.App.4th 896 (*Malik J.*) as authority for him to assert his parents' constitutional rights. *Malik J.* is distinguishable. *Malik J.* modified an electronics search condition that the court orally pronounced applied to Malik " 'and the family' " and required them to provide all passwords and submit to searches of electronic devices and social media sites. (*Id.* at p. 900.) But the juvenile court's signed minute order omitted the mention of Malik's family in the electronics search condition. (*Ibid.*) On appeal, the People did not defend the search condition as applied to Malik's family and did not raise the issue of standing. (*Ibid.*) This court struck the references to Malik's family "[w]hether or not the court meant what it said," and also limited the condition to more narrowly apply to devices within Malik's custody and control only after the devices are disabled from any internet or cellular connection . . . ." (*Id.* at p. 906.) *Malik J.*'s holding that the electronics search condition was overbroad was based on the "significant privacy implications" applicable to electronic devices recognized in *Riley v. California, supra*, 573 U.S. 373. (*Malik J.*, at p. 902.)

Here, unlike in *Malik J.*, the People argue minor lacks standing to assert his parents' Fourth Amendment rights. (*People v. Badgett* (1995) 10 Cal.4th 330, 343 ["[A] defendant has no standing to complain of violations of another's Fourth Amendment rights"].) We find that even assuming minor did not forfeit his challenge to this condition by failing to raise it below, minor has not shown that he is legally entitled to assert the rights of others on appeal. (*In re J.B., supra*, 242 Cal.App.4th at p. 759.)

21

**H. $35 Administrative Fee Was Not Imposed**

Minor argues the clerk's transcript includes an unsigned document titled "CSB Referral" indicating that minor is to pay a $35 administrative fee, which was never imposed either orally or in the juvenile court's order.[12] Minor asserts the $35 administrative fee should be stricken from the CSB Referral. The People agree the juvenile court did not impose the $35 administrative fee but argue that because the CSB Referral document is an administrative document, and not a court order, there is no court action to strike.

To avoid any possible future confusion, we direct the juvenile court to modify the CSB Referral to delete the $35 administrative fee so that the CSB Referral document is consistent with the juvenile court's order and the oral record of the disposition hearing.

## DISPOSITION

The probation conditions imposed by the juvenile court are stricken or modified as follows:

Condition 21 is modified to strike the portion stating "If the treatment provider determines it's therapeutically necessary for probation to monitor the minor's internet accounts or means of accessing online accounts the minor shall disclose to his probation officer all passwords and access codes. Furthermore, the minor submit all electronic devices under his or her control to search and seizure at any time of the day or night with or without a search warrant, arrest warrant, or reasonable suspicion. This search shall be confined to areas of the electronic devices where evidence likely to reveal criminal activity or where probation violations may be found. Contraband

---

[12] The CSB Referral document also lists the $100 restitution fine imposed under section 730.6, subdivision (b) and the $100 fine imposed under section 730.5.

22

seized by the probation officer shall be disposed of, stored or returned at the discretion of the probation officer."[13]

Condition 29 is stricken and modified to read: "The minor shall not own, use, or possess any materials or items that have a primary purpose of causing sexual arousal, including computer-based movies, videos, magazines, books, games, and sexual aids or devices; nor shall he knowingly visit any establishment where such materials or items are the primary commodity for sale."

Condition 22 is modified to strike the phrase "and be financially liable."

Condition 25 is stricken, and on remand the juvenile court may issue a separate order imposing the section 730.5 fine.

Condition 31 is modified to read: "The minor shall not knowingly be within 50 yards of the campus or grounds of any school unless enrolled, accompanied by a parent or guardian or responsible adult, or authorized by the prior permission of school authorities."

On remand, the juvenile court is directed to forward a copy of the corrected probation order to the probation authorities and to modify the CSB Referral document to delete the reference to the $35 administrative fee.

As modified, the order is affirmed.

---

[13] On remand, the juvenile court may determine whether another electronics search condition can be imposed that meets the requirement of *Ricardo P.*

 

 

_____

Jackson, J.

WE CONCUR:

_____

Fujisaki, Acting P. J.

_____

Petrou, J.

A157151/*In re David C.*

24

A157151/In re David C.

**Trial Court:**    Superior Court of Napa County

**Trial Judge:**    Cynthia P. Smith, J.

**Counsel:**    Nathaniel Miller, under appointment by the Court of Appeal, Jonathan Soglin and James Donnelly-Saalfield for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters and Jeffrey M. Laurence, Assistant Attorneys General, Seth K. Schalit and Lisa Ashley Ott, Deputy Attorneys General, for Plaintiff and Respondent.