Filed 10/26/2016

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re D.H., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>D.H.,<br><br>        Defendant and Appellant. | A147361<br><br>(Alameda County<br>Super. Ct. No. SJ1502604201) |

D.H. appeals from a juvenile court order declaring him a ward of the court and placing him on probation after he admitted to a misdemeanor count of indecent exposure. Raising mostly constitutional claims of vagueness and overbreadth, he challenges four probation conditions that require him: (1) not to access pornography (the no-pornography condition); (2) to submit to warrantless searches of his electronic devices and provide passwords (the electronics search condition); (3) to attend school regularly (the attendance condition); and (4) not to leave home without a parent or the probation officer's permission (the stay-home condition). We conclude in the published section of our opinion that the no-pornography condition is vague, and we remand for the juvenile court to modify it in the first instance. We also affirm the attendance condition. In the

---

[*] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts II.C. and E.

1

nonpublished section of our opinion, we conclude that the electronics search condition is overbroad and remand for the court to modify it in the first instance. We also remand for the court to clarify whether, in light of ambiguity in the record, it intended to impose the stay-home condition.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

In December 2015, the victim and her boyfriend's eight-year-old son were riding a bus in San Leandro.[1] After they exited the bus, the son informed the victim that he had seen "a male," later identified as 16-year-old D.H., "standing behind her on the bus and exposing his penis and masturbat[ing]" and that "the male eventually ejaculated and the semen landed on the back of [the victim's] clothing." The victim had not noticed anything at the time but discovered "a white substance" on the back of her jacket, and she eventually reported the incident.

Later that month, the Alameda County District Attorney filed a petition under Welfare and Institutions Code section 602, subdivision (a) seeking to have D.H. declared a ward of the court. The petition alleged misdemeanor accounts of battery against a bus passenger, indecent exposure, and annoyance or molestation of a minor.[2] D.H. admitted to committing the indecent-exposure offense, and the other two counts were dismissed. At the dispositional hearing, the juvenile court declared D.H. a ward of the court and placed him on probation with various conditions, including the four at issue in this appeal.

---

[1] The facts in this paragraph are drawn primarily from the dispositional report, which was admitted into evidence.

[2] The allegations were made under Penal Code sections 243.3 (battery of bus passenger), 314(1) (indecent exposure), and 647.6 (annoyance or molestation of minor).

II.

DISCUSSION

A.      *The Operative Version of Each Challenged Probation Condition.*

We begin by sorting out the various versions of the challenged probation conditions that appear in our record to determine which version of each condition controls. This is necessary because there are four different potential sources of the operative language: the dispositional report containing the probation department's proposed conditions, some of which were imposed by the juvenile court at the dispositional hearing; the court's oral pronouncement at that hearing; that hearing's minute order, which was signed by the court and served on D.H. and his parents; and a probation department document entitled "Conditions of Probation and Court Orders" that D.H. and his parents signed. (Some capitalization omitted.)

Although the traditional rule was that a court's oral pronouncement of probation conditions controlled over the written version, "the modern rule is that if the clerk's and reporter's transcripts cannot be reconciled, the part of the record that will prevail is the one that should be given greater credence in the circumstances of the case." (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346.) Indeed, the oral pronouncement may well be less inclusive given that "probation conditions 'need not be spelled out in great detail in court as long as the [probationer] knows what they are; to require recital in court is unnecessary in view of the fact the probation conditions are spelled out in detail on the probation order.' " (*Ibid.*)

The no-pornography condition was not proposed in the dispositional report, but the juvenile court orally pronounced it as follows: "You're not to access pornography on any electronic devices or otherwise." The signed probation document uses the same language except it says "other devices" instead of "otherwise." (Capitalization omitted.) The minute order directs, "No pornographic materials, electronic or otherwise." We conclude that the oral pronouncement controls because there is no clear indication that the court intended to impose the version in either the minute order or the signed document.

The dispositional report contains a proposed search term—"Submit person and any vehicle, room[,] or property under your control to search by Probation Officer or Peace Officer with or without a search warrant at any time of day or night"—but does not include language covering electronic devices and passwords. The juvenile court orally pronounced the challenged condition as follows: "[A]ny electronic devices in your possession or control are subject to search, and you're to provide passwords to allow that search by law enforcement officials or the probation officer." The minute order states, "Provide all passwords to any electronic devices, including cell phones, computers[,] or notepads, within your custody or control, and submit such devices to search at any time without a warrant by any peace officer. [¶] Provide all passwords to any social media sites, including Facebook, Instagram[,] and Myspace and . . . submit those sites to search at any time without a warrant by any peace officer." Finally, the signed probation document requires D.H. to "submit person and any vehicle, room[,] or property under [his] control to search by probation officer or peace officer with or without a search warrant at any time of day or night (including electronic devices & passwords[)]." (Capitalization omitted.) We conclude that the court's oral pronouncement is the operative version, with the addition of the phrase "with or without a search warrant at any time of day or night" from the dispositional report because the court stated that it was imposing "the standard conditions of probation" and proceeded to read several conditions that appeared in that report. Again, there is no clear indication that the court intended to impose the version in either the minute order or the signed document.

The attendance condition was expressed in the dispositional report and oral pronouncement as "[a]ttend school regularly." The minute order states, "Attend classes or job on time and regularly; be of good behavior and perform well," and the signed probation document does not contain an attendance-related probation condition. We conclude that the oral pronouncement controls and that the directive to D.H. to "be of good behavior and perform well" was not imposed.

Finally, the stay-home condition was expressed in the dispositional report as "[d]o not stay away from home unless with a parent or legal guardian or without prior

4

permission of the probation officer," and the juvenile court's oral pronouncement directed, "You're not to be away from home without your parent or without prior permission of the probation officer." Neither the minute order nor the signed probation document contains such a condition. We need not determine which version controls because, as we discuss in section II.E., which is part of our nonpublished opinion, it is unclear whether and to what extent the court intended to restrict D.H.'s ability to leave home in light of a narrower curfew condition that was also imposed.

As a final matter, we agree with D.H. that he "should not have to piece together the full terms of his probation" by reviewing the various potential sources of those conditions. Nor can he be expected to engage in the legal analysis required to resolve conflicts and determine which version of each condition controls. Given the serious due process concerns this lack of clarity creates, we direct the juvenile court to ensure that on remand a single document containing all of D.H.'s probation conditions is provided to D.H. and his parents.

### B. *The No-pornography Condition Is Unconstitutionally Vague.*

D.H. contends that the no-pornography condition is unconstitutionally vague and must be modified to specify that he not access materials that he knows or that the probation officer has informed him are pornographic.[3] We agree that the condition is vague but disagree that adding an express knowledge requirement would fix the problem. We therefore remand for the juvenile court to clarify the condition's purpose and to more precisely conform the condition to that purpose.

When a juvenile court places a minor on probation, it "may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (Welf. & Inst. Code, § 730, subd. (b); see also *id.*, § 202, subd. (b).) " ' "In fashioning the conditions of probation, the . . . court should consider the minor's entire social history in addition to the circumstances of the crime." ' [Citation.] The court has 'broad

---

[3] D.H. also contends that the term "electronic devices" is vague but does not explain his reasoning. We decline to consider this conclusory assertion.

discretion to fashion conditions of probation' [citation], although 'every juvenile probation condition must be made to fit the circumstances and the minor.' " (*In re P.O.* (2016) 246 Cal.App.4th 288, 293-294 (*P.O.*).)

Although a juvenile court thus has broad discretion to fashion probation conditions, " '[a] probation condition "must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated," if it is to withstand a challenge on the ground of vagueness.' [Citation.] '[T]he underpinning of a vagueness challenge is the due process concept of "fair warning." [Citation.] The rule of fair warning consists of "the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders" [citation], protections that are "embodied in the due process clauses of the federal and California Constitutions." ' [Citation.] We review vagueness claims de novo." (*P.O.*, *supra*, 246 Cal.App.4th at p. 299.)

D.H. argues that the term "pornography" is inherently vague and subjective, and the Attorney General concedes that the condition requires modification. D.H. relies on *United States v. Guagliardo* (9th Cir. 2002) 278 F.3d 868 (*per curiam*), which involved a challenge to a term of supervised release that directed the defendant not to possess " 'any pornography,' including legal adult pornography." (*Id.* at p. 872.) The Ninth Circuit Court of Appeals determined that "a probationer cannot reasonably understand what is encompassed by a blanket prohibition on 'pornography' " because "[t]he term itself is entirely subjective; unlike 'obscenity,' for example, it lacks any recognized legal definition." (*Ibid.*) Concluding that "[r]easonable minds can differ greatly about what is encompassed by 'pornography,' " the court "remand[ed] for the district court to impose a condition with greater specificity." (*Ibid.*) We are not aware of any published California decision to address this precise issue, but other circuits have also concluded that the term "pornography" is inherently vague. (E.g., *Farrell v. Burke* (2d Cir. 2006) 449 F.3d 470, 486; *United States v. Loy* (3d Cir. 2001) 237 F.3d 251, 265; but see *United States v. Phipps* (2003) 319 F.3d 177, 192-193 [condition prohibiting possession of " 'sexually oriented or sexually stimulating materials' " was "somewhat vague" but sufficiently clear

6

in light of other condition to withstand constitutional challenge].)  We agree with the reasoning in these decisions and conclude that the no-pornography condition is vague.

We decline, however, to adopt either of the parties' proposed modifications to address this vagueness, both of which incorporate a requirement that D.H. have advance knowledge that materials are pornographic.  In suggesting such a modification, the parties primarily rely on two decisions, one involving a prohibition on sexually explicit material " 'as defined by the probation officer' " and the other involving a prohibition on sexually explicit material " 'deemed inappropriate by the probation officer.' " (*People v. Pirali*, *supra*, 217 Cal.App.4th at p. 1344; *People v. Turner* (2007) 155 Cal.App.4th 1432, 1434.)  Both conditions were held to be vague because they left the determination of which materials were prohibited to the probation officer's sole discretion and therefore did not provide advance notice of what behavior was required.  (*Pirali*, at pp. 1352-1353; *Turner*, at p. 1436.)  And both conditions were modified to cover only those materials that the probationer was informed in advance were in the prohibited category of being sexually explicit.  (*Pirali*, at p. 1353; *Turner*, at p. 1436.)

*Pirali* and *Turner* provide little guidance here, however, because both decisions were concerned only with the lack of notice created by leaving the prohibited category's definition to the probation officer.  In our view, a modification requiring D.H. to know or to be informed in advance that materials are "pornography" fails to address the term's *inherent* vagueness.  We recognize that probation conditions that restrict otherwise lawful activity by prohibiting "association with certain categories of persons, presence in certain types of areas, or possession of items that are not easily amenable to precise definition" are routinely modified to add an express knowledge requirement.  (*People v. Moore* (2012) 211 Cal.App.4th 1179, 1185.)  In these cases, however, the vagueness arises not because the category *itself* is unclear, but instead because it is unclear whether particular people, areas, or items fall within the category.  Take, for example, a condition prohibiting contact with "gang members."  Such a condition is not vague because the term gang members is itself unclear; rather, it is vague because probationers cannot be aware of the gang status of every person with whom they have contact.  Thus, the

7

condition can be made more precise by limiting it to prohibit contact with any person the probationer actually knows is a gang member. (See *People v. Leon* (2010) 181 Cal.App.4th 943, 949-950.) In contrast, the no-pornography condition is vague because the term "pornography" itself is unclear. As a result, it cannot be made sufficiently precise by modifying it to prohibit accessing materials that the probationer knows are pornographic because the term itself is subjective and subject to different interpretations. Likewise, a condition prohibiting probationers from doing anything "bad" could not be made sufficiently precise by modifying it to prohibit them from doing anything that they know is bad. Like the term pornography, the term bad is inherently vague.

Rather than modifying the no-pornography condition ourselves, we direct the juvenile court to modify it to define more precisely the material the court intends to prohibit. We suggest that in doing so the court carefully consider what purpose this condition is intended to serve, as it is far from clear to us how restricting D.H.'s access to *any* materials that might be considered pornographic will help him avoid the behavior he exhibited in committing his offense or aid more generally in his rehabilitation. D.H. has not challenged the condition on reasonableness or overbreadth grounds, however, and we therefore need not decide whether a blanket prohibition on access to all pornography could be properly imposed at all.

### C. The Electronics Search Condition Is Reasonable Under Lent *But Unconstitutionally Overbroad.*

D.H. claims that the electronics search condition is (1) unreasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) and (2) unconstitutionally overbroad. We considered a substantively identical condition in *P.O.*, *supra*, 246 Cal.App.4th 288, and we see no reason to depart from our reasoning in that case.[4] Therefore, we disagree that the condition must be stricken under *Lent* but agree that its scope must be narrowed.

_____

[4] The issue whether an electronics search condition is reasonable under *Lent*, *supra*, 15 Cal.3d 481 on the basis that it enables supervision of the juvenile's compliance with other probation conditions is currently pending before our state Supreme Court. (*In re Ricardo P.* (2015) 241 Cal.App.4th 676, review granted Feb. 17, 2016, S230923.)

1. The electronics search condition is reasonable under *Lent*.

As discussed above, a juvenile court has broad discretion in imposing probation conditions. This discretion is circumscribed under *Lent*, however, which provides that a condition is "invalid [if] it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Lent*, *supra*, 15 Cal.3d at p. 486; *P.O.*, *supra*, 246 Cal.App.4th at p. 294.) A condition is invalid only if all three prongs of *Lent* are met. (*P.O.*, at p. 294.) "We review the imposition of a probation condition for an abuse of discretion [citation], taking into account 'the sentencing court's stated purpose in imposing it.' " (*Ibid.*)

The Attorney General contends that D.H. forfeited his challenge under *Lent*, *supra*, 15 Cal.3d 481 by failing to object below, but this contention is belied by the record. At the dispositional hearing, D.H.'s trial counsel objected to certain proposed search-related conditions on the grounds that they would infringe on D.H.'s privacy and that D.H.'s offense was unrelated to the possession of anything a search might uncover. The juvenile court agreed that there was no need to monitor D.H.'s involvement with drugs or weapons but indicated that the electronics search condition was needed to enable monitoring of whether D.H. was accessing pornography. D.H.'s counsel then voiced his continued objection. We conclude that D.H. preserved the issue for appeal.

"The first prong under *Lent*, *supra*, 15 Cal.3d 481 that must be met to invalidate a probation condition requires the condition to have no relationship to the offender's crime." (*P.O.*, *supra*, 246 Cal.App.4th at p. 294.) D.H. argues that the first prong is met because his indecent-exposure offense did not involve the use of electronic devices. The Attorney General's argument otherwise is better aimed at the third prong because it involves whether monitoring D.H.'s electronic activity for pornography will serve his rehabilitation going forward. There is no evidence that either the use of electronic devices more generally or access to pornography more particularly played any role in D.H.'s offense. As a result, the first prong required to invalidate a condition is met.

9

The second prong under *Lent*, *supra*, 15 Cal.3d 481 that must be met to invalidate a probation condition requires that the condition regulate conduct that is not itself criminal. (*P.O.*, *supra*, 246 Cal.App.4th at p. 294.) The Attorney General contends that "a cell phone or computer can be the instrumentality of a crime," but as we have previously held, "there is nothing inherently illegal about using electronic devices." (*Ibid.*) Therefore, we agree with D.H. that the second prong is also met here.

Following our decision in *P.O.*, *supra*, 246 Cal.App.4th 288, we conclude that the third prong required to invalidate a probation condition is not met, however, because the electronics search condition is reasonably related to future criminality. As we explained in that decision, under *People v. Olguin* (2008) 45 Cal.4th 375, "a probation condition that enables probation officers 'to supervise [their] charges effectively is . . . "reasonably related to future criminality." ' " (*P.O.*, at p. 295, quoting *Olguin*, at pp. 380-381.) "The wisdom in *Olguin* . . . is that effective supervision of a probationer deters, and is therefore related to, future criminality," and thus "upholding probation conditions through *Olguin* does not undermine the limits imposed by *Lent*, *supra*, 15 Cal.3d 481." (*In re George F.* (2016) 248 Cal.App.4th 734, 741, review granted Sept. 14, 2016, S236397.) Here, the electronics search condition reasonably relates to the effective monitoring of compliance with the no-pornography condition (even though, as we have discussed, that condition must be modified to define more precisely the material the juvenile court intends to prohibit). D.H. does not contest that the electronics search condition will enable such monitoring but instead asks us to reconsider *P.O.*'s analysis, particularly its reliance on *Olguin*. We decline to do so, and we therefore hold that the electronics search condition is valid under *Lent* because it is reasonably related to future criminality.

        2.      The electronics search condition is not narrowly tailored to its rehabilitative purpose.

"When a probation condition imposes limitations on a person's constitutional rights, it ' "must closely tailor those limitations to the purpose of the condition" '—that is, the probationer's reformation and rehabilitation—' "to avoid being invalidated as unconstitutionally overbroad." ' [Citations.] 'The essential question in an overbreadth

10

challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the [probationer]'s constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement.' [Citation.] ' " 'Even conditions which infringe on constitutional rights may not be invalid [as long as they are] tailored specifically to meet the needs of the juvenile.' " ' [Citations.]" (*P.O.*, *supra*, 246 Cal.App.4th at p. 297.)

"A probation condition imposed on a minor must be narrowly tailored to both the condition's purposes and the minor's needs, but ' " ' "a condition . . . that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court." ' " ' [Citation.] 'This is because juveniles are deemed to be more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed. The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents. And a parent may "curtail a child's exercise of . . . constitutional rights . . . [because a] parent's own constitutionally protected 'liberty' includes the right to 'bring up children' [citation] and to 'direct the upbringing and education of children.' " ' " (*P.O.*, *supra*, 246 Cal.App.4th at p. 297.) We review overbreadth claims de novo. (*Ibid.*)

D.H. claims that the electronics search condition "significantly burdens [his] constitutional privacy rights" by authorizing searches of his cell phone and computer. We agree with him that the condition is not narrowly tailored to its rehabilitative purpose "because it does not limit the scope of [a] search to . . . areas of a cell phone or computer that would show whether [he] accessed pornography." Instead, as did the electronics search condition we considered in *P.O.*, "it permits review of all sorts of private information that is highly unlikely to shed any light on whether [the minor] is complying with the other conditions of his probation." (*P.O.*, *supra*, 246 Cal.App.4th at p. 298; see *People v. Appleton* (2016) 245 Cal.App.4th 717, 719, 725 [electronics search condition overbroad where it authorized searches that "could potentially expose a large volume of documents or data, much of which may have nothing to do with illegal activity,"

11

including "medical records, financial records, personal diaries, and intimate correspondence"].)

Therefore, we hold that the electronics search condition "must be modified to limit authorization of warrantless searches" of D.H.'s cell phone and computer data and electronic accounts "to media of communication reasonably likely to reveal" whether he is accessing material covered by any properly modified no-pornography condition the juvenile court chooses to impose on remand. (*P.O.*, *supra*, 246 Cal.App.4th at p. 298.) In this case, it is appropriate for that court to modify the electronics search condition in the first instance to ensure that the condition corresponds with any modified no-pornography condition.

In determining that the electronics search condition requires such modification, we reject D.H.'s contention that the condition should be further limited to exclude social-media accounts. D.H. argues that various social-media sites "ban content with nudity or sexual activity and, thus, would assuredly *not* reveal whether [he] improperly accessed pornography." (Italics in original.) Even assuming this is true, however, the fact that a site does not permit such content to be posted does not mean that it is never posted, that it cannot be viewed before a site removes it, or that it cannot be sent through a site's private messaging function. D.H. also claims that the term "electronic devices" is both vague and overbroad as used in this condition, but he again fails to provide any reasoned argument on the point. Therefore, we conclude that no additional modification based on these concerns is warranted.

*D.     The Attendance Condition Is Sufficiently Clear in Light of Another Condition of D.H.'s Probation Requiring Him to Obey School Rules.*

D.H. next contends that the attendance condition is vague because the direction that he " 'attend school regularly' " does not make sufficiently clear what behavior will result in a violation of probation.[5]  We disagree.

As stated above, a juvenile court's broad discretion to fashion probation conditions is limited by the principle that " '[a] probation condition "must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated," if it is to withstand a challenge on the ground of vagueness.' " (*P.O.*, *supra*, 246 Cal.App.4th at p. 299.)  Our review is de novo.  (*Ibid.*)

D.H. argues that the attendance condition is vague because it does not "notify [him] how many absences from school . . . would give rise to a probation violation . . . [and] fails to make clear whether missing one class . . . would be enough to constitute a violation."  The Attorney General responds that the "common sense" interpretation of the condition is that it requires D.H. "to attend school when [it is] in session and to stay there during school hours" but does not require attendance when he has an excused absence.  Although the command to attend "regularly" is arguably vague in a vacuum, we agree that the condition clearly requires the standard of behavior the Attorney General identifies, based on another condition of D.H.'s probation directing him to "[o]bey school rules."  (See *People v. Forrest* (2015) 237 Cal.App.4th 1074, 1080 [a "probation condition should be evaluated in its context, and only reasonable specificity is required"].)  As a result, the attendance condition does not require modification.

*E.     On Remand, the Juvenile Court Must Clarify Whether It Intended to Impose the Stay-home Condition.*

Finally, D.H. contends that the stay-home condition should be stricken because it does not govern over a narrower curfew-related probation condition the juvenile court

---

[5] D.H. also contends that other portions of the attendance condition that are set forth only in the dispositional hearing's minute order are vague.  We need not address these arguments because we have concluded that the minute order's version of the condition does not control.

imposed and because it is unconstitutionally vague and overbroad. But we cannot determine from the record whether the court intended to impose this condition, and we therefore remand for the court to clarify whether it did. Consequently, we do not reach the constitutional issues.

One version of the stay-home condition appears on the list of proposed probation conditions in the dispositional report: "Do not stay away from home unless with a parent or legal guardian or without prior permission of the probation officer." In reading that condition at the dispositional hearing, the juvenile court changed the wording to direct D.H. "not *to be* away from home" without a parent or prior permission from his probation officer. (Italics added.) Neither version of the condition appears in the probation document signed by D.H. and his parents. Instead, that document provides that D.H. is to "maintain curfew set by parent/guardian but not later than 9 p.m. without prior permission of both parent/guardian and probation officer" (the curfew condition), a condition also contained in the proposed conditions, the court's oral pronouncement, and the minute order. (Capitalization omitted.)

D.H. urges us to conclude that the juvenile court intended to impose only the curfew condition, not the broader stay-home condition, pointing to the facts that the latter condition does not appear in the probation order he signed and would render the curfew condition unnecessary. The Attorney General responds that the court's intention to impose the stay-home condition is established by the court's reference to the curfew condition as an "additional condition" at the time it was read into the record. Given the stay-home condition's absence from the signed probation order, the ambiguity of the condition's scope, and the curfew condition also imposed, we conclude that the best course is to remand for the court to clarify whether and to what extent it intended to restrict D.H.'s ability to leave his home alone before 9 p.m.

### III.
### DISPOSITION

This matter is remanded with directions for the juvenile court to strike or modify the no-pornography condition, electronics search condition, and, if applicable, stay-home

condition in a manner consistent with this decision.  The court is also directed to ensure that a document containing all of D.H.'s operative probation conditions is prepared and provided to D.H. and his parents.  The judgment is otherwise affirmed.


_____

Humes, P.J.


We concur:


_____

Margulies, J.


_____

Dondero, J.

Trial Court:                    Alameda County Superior Court

Trial Judge:                   Honorable Stephen Kaus

Counsel for Appellant:       Leah L. Spero, under appointment by the First District Appellate Project

Counsel for Respondent:     Kamala D. Harris, Attorney General,  Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Donna M. Provenzano, Supervising Deputy Attorney General, Aileen Bunney, Deputy Attorney General