Filed 2/25/21  In re R.M. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re R.M., a Person Coming Under the Juvenile Court Law. | B302100 (Los Angeles County  Super. Ct. No. NJ29522) |
| THE PEOPLE,        Plaintiff and Respondent,        v. R.M.,        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John C. Lawson, II, Judge.  Affirmed and remanded with directions.

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Roberta L. Davis and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.

R.M. appeals after the juvenile court sustained a delinquency petition (Welf. & Inst. Code, § 602)[1] against him for felony evading a peace officer while driving in a willful or wanton disregard for the safety of persons or property (Veh. Code, § 2800.2, subd. (a)), and driving or taking a vehicle without the owner's consent (*id.*, § 10851, subd. (a)). The court declared R.M. a ward of the court, ordered camp-community placement for five to seven months with a maximum confinement of four years, and modified conditions of probation it had previously imposed.

On appeal, R.M. contends that two conditions of probation that appear in the adjudication minute order (condition Nos. 12 and 13A) must be stricken because they were not imposed in the court's initial order granting R.M. probation, and were not orally pronounced as part of the judgment. Because we cannot determine from the record whether the juvenile court intended to impose these additional conditions of probation, we remand the matter to the court for clarification. Otherwise, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 6, 2018, the Los Angeles County District Attorney filed its first section 602 petition against R.M. and alleged that the minor had evaded pursuit while driving with willful or wanton disregard (Veh. Code, § 2800.2, subd. (a); count 1), and had driven or

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

taken a vehicle without consent of the vehicle's owner (*id.*, § 10851, subd. (a); count 2).  After the court reduced the felony evading allegation (count 1) to a misdemeanor, R.M. admitted the allegation. The court declared R.M. a ward of the court, and placed him on home of probation with dual section 300 supervision by the Los Angeles Department of Children and Family Services (DCFS) for six months.  In a preprinted Form 3A (Form 76M423A (Rev. 1-07) / JMOM 08.01.16) dated March 12, 2018, the court imposed a total of 19 conditions of probation.[2]

A second section 602 petition was filed on April 3, 2018, and alleged that R.M. had committed misdemeanor resisting, delaying, or obstructing a peace officer (Pen. Code, § 148, subd. (a)(1)).  After the People deemed the petition a violation of probation, R.M. admitted the violation, and the court dismissed the petition.

A third section 602 petition was filed on September 13, 2019, after R.M. was detained following another instance in which the minor had evaded police after unlawfully taking or driving the vehicle of another, in this case Edgar Orozco-Perez.  Like the first petition, this one alleged violations of felony evading (Veh. Code, § 2800.2, subd. (a)), and

---

[2]     Of the 56 preprinted conditions, the court checked condition numbers 1, 1A, 2-4, 8, 9, 10-11, 13, 13B, 17-19, 21, 23, 23A, 24, and 30.  The March 2018 Form 3A provides for the minor to acknowledge that he or she has read and understands the conditions of probation.  The form also has a signature line for the juvenile court judge.  The form is not signed or dated by R.M. or the court.

unlawful taking or driving of a vehicle (Veh. Code § 10851, subd. (a)). R.M. denied the allegations.

After a contested adjudication hearing on October 16, 2019, the court found the allegations in the petition to be true, and declared R.M. a ward of the juvenile court.

Prior to pronouncing judgment, the court indicated that it had reviewed the court file. The court file contained the probation officer's report, to which was attached another pre-printed Form 3A regarding terms of probation (Form 76M423A (rev. 1-07) / JMOM 06.01.16) dated September 30, 2019. As the form appears in the record on appeal, it contains numerous handwritten notations, and several checked boxes corresponding to some of the standard probation conditions that are numbered: 1, 1A, 2-4, 6, 7-8, 9, 9A, 10-13, 13A-13D, 17-21, 23, 23A, 24, 24A, 25, 30, and 38. Like the March 2018 Form 3A, the September 2019 Form 3A was not signed by R.M., his parents or guardians, or the court.

At the end of the adjudication hearing, the court terminated the home on probation order, and ordered R.M. to remain detained pending placement in a camp-community program for five to seven months with a maximum confinement period of four years. The court also orally imposed various conditions of probation, none of which are at issue in this appeal.

The minute order from the October 16, 2019 adjudication hearing stated that the "[p]revious conditions of probation remain in full force and effect and [are] modified to add" inter alia, condition numbers "12 (9PM), 13, [and] 13A (Edgar Orozco-Perez)." In both Form 3As,

4

condition No. 12 stated: "You must follow the curfew set by your Probation Officer and your parent or caregiver. You must not be out of your home without your parent or caregivers [*sic*] consent. Between the hours of __ pm and 6 am you must be at home unless your parent or caregiver is present with you." In both forms, condition No. 13A stated: "Specifically no contact with __."

R.M. filed a timely notice of appeal.

## DISCUSSION

R.M. contends that probation condition numbers 12 and 13A must be stricken because the juvenile court did not previously impose the conditions in the March 2018 Form 3A, and did not orally impose the conditions at the October 2019 adjudication hearing. The People dispute the claim,[3] and contend that the record as a whole demonstrates that R.M. was aware of both conditions of probation. In light of the ambiguity in the record, we remand to the juvenile court to determine whether it intended to impose condition numbers 12 and 13A.

When the reporter's transcript and clerk's transcript are in conflict, "'[they] will be harmonized if possible; but where this is not possible that part of the record will prevail, which, because of its origin

---

[3] In addition to its contention that R.M. was fully aware of condition numbers 12 and 13A, the People assert that R.M. forfeited his contention on appeal for failure to object in the juvenile court. Because R.M.'s contention is premised on the adequacy of notice of these conditions, which were not orally imposed, we do not deem his failure to object below a forfeiture of his challenge in this appeal. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 887, fn. 7.)

and nature or otherwise, is entitled to greater credence [citation].'" (*People v. Smith* (1983) 33 Cal.3d 596, 599; accord, *In re D.H.* (2016) 4 Cal.App.5th 722, 725 (*D.H.*).)  This principle reconciles two conflicting concepts:  while the record of the oral pronouncement of the court traditionally controls over the clerk's minute order, the court need not orally recite the specific terms of probation conditions in detail if the conditions are "spelled out" on the probation order and the defendant knows what they are.  (See *People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2; *D.H.*, *supra*, at p. 725.)

However, when, as here, an ambiguity in the record prevents a reviewing court from harmonizing conditions of probation to conform to the juvenile court's intent, the reviewing court may remand the matter to the juvenile court for clarity.  (See *D.H.*, *supra*, 4 Cal.App.5th at p. 724.)  Here, the initial March 2018 Form 3A did not include condition numbers 12 (the curfew condition) or 13A (the no-contact condition), and the juvenile court did not tell R.M. that he was imposing a curfew or no-contact condition during the October 2019 adjudication hearing. Those conditions do, however, appear in the more recent Form 3A with handwriting specifying that curfew would begin at 9:00 p.m., and that R.M. would have no contact with Orozco-Perez.  Without knowing who wrote on the recent 2019 Form 3A and when, and without having a single document specifying the updated conditions of probation in detail, we cannot say the juvenile court did not intend to modify the existing probation conditions to add condition numbers 12 and 13A.  We therefore remand the matter to the juvenile court to clarify its intent, and to apprise the minor of them in a single document.  (*Ibid.*)

6

## DISPOSITION

The matter is remanded to the juvenile court to clarify whether it intended to impose probation condition numbers 12 and 13A, and if so, to clarify the language of each condition. The court is directed to provide R.M. a single document containing all of his probation conditions. In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P. J.

We concur:


COLLINS, J.


CURREY, J.