Filed 12/16/21  P. v. Jose CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>JULIANO JOSE,<br><br>　　　Defendant and Appellant. | A161138<br><br>(Solano County<br>Super. Ct. No. FCR344511) |

In February 2020, defendant and appellant Juliano Jose (appellant) pled no contest to a charge of unlawful sexual intercourse (Pen. Code, § 261.5, subd. (c)); two other counts were dismissed.  The charges arose out of an incident in which appellant, who was 18 years old, had sex with a 13-year-old girl.  In September, the trial court suspended imposition of sentence and granted probation, imposing a three-year term.

On appeal, appellant challenges two of the trial court's probation conditions on constitutional grounds.  First, the court directed that appellant was "not to possess any pornographic material unless approved in advance in writing by therapist and/or probation officer."  Second, the court directed that appellant was "not to access or subscribe to any computer internet or local bulletin [board] service which provides access to or markets

1

pornographic imagery, unless approved in writing by his therapist and/or probation officer."

Appellant contends the term "pornographic" as used in both conditions is unconstitutionally vague. The "void-for-vagueness doctrine" "bars the government from enforcing a provision that 'forbids or requires the doing of an act in terms so vague' that people of 'common intelligence must necessarily guess at its meaning and differ as to its application.' " (*People v. Hall* (2017) 2 Cal.5th 494, 500.) Respondent agrees the term "pornographic" is unconstitutionally vague. (See, e.g., *In re D.H.* (2016) 4 Cal.App.5th 722, 728.) Respondent suggests the challenged conditions should be modified to remove the term "pornographic" and instead to reference materials or imagery " 'that have a primary purpose of causing sexual arousal.' " (*In re David C.* (2020) 47 Cal.App.5th 657, 667.) Appellant agrees that language would be constitutional, as do we. We will remand with directions that the trial court modify both conditions.

Appellant also contends the second challenged condition relating to internet access is unconstitutionally overbroad. " '[T]he overbreadth doctrine requires that conditions of probation that impinge on constitutional rights must be tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.' " (*People v. Quiroz* (2011) 199 Cal.App.4th 1123, 1128.) Appellant contends the language of the condition prohibits him from using any internet browser able to access pornographic websites, which effectively prohibits appellant from using *any* internet browser for *any* purpose. He argues the trial court did not intend to prevent him from accessing the internet altogether because the court opted *not* to impose the standard sex offender probation condition, which would

have broadly restricted internet access.[1]  Because the trial court appears to have imposed a broader probation condition than it intended to impose, and because we are remanding the condition for modification in any event, we direct the court to clarify the language of the condition on remand.  We need not and do not consider whether it would be unconstitutional for the court to broadly restrict internet use in the circumstances of the present case.

Finally, appellant argues his three-year probation term should be reduced to two years pursuant to Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (AB 1950), effective January 1, 2021.  AB 1950 "reduces felony probation terms to two years, with certain exceptions, by modifying Penal Code section 1203.1.  When defendant was sentenced, Penal Code section 1203.1 authorized felony probation 'for a period of time not exceeding the maximum possible term of the sentence' but where the 'maximum possible term of the sentence is five years or less, then the period of suspension of imposition or execution of sentence may, in the discretion of the court, continue for not over five years.' (Stats. 2010, ch. 178, § 75.)  Effective January 1, 2021, Penal Code section 1203.1, subdivision (a) reads: 'The court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding two years, and upon those terms

---

[1] The standard sex offender probation condition prohibits a probationer from accessing "any Internet service . . . from any electronic device for any reason unless approved in writing by the Probation Officer."  Respondent asserts the trial court *did* order appellant to comply with that condition, apparently because a list of the standard sex offender probation conditions is the next page in the record after the probation order.  However, when the court recited the probation conditions on the record it restricted only access to an internet service "which provides access to or markets pornographic imagery."  The oral pronouncement controls.  (*People v. Clark* (2021) 67 Cal.App.5th 248, 260–261.)

3

and conditions as it shall determine. . . .' " (*People v. Quinn* (2021) 59 Cal.App.5th 874, 879.)  The *Quinn* court held AB 1950 is retroactive (*Quinn*, at pp. 881–885); respondent agrees, and so do we.  We will reduce the term of appellant's probation accordingly.

## DISPOSITION

The matter is remanded with directions that the trial court modify the probation order as follows: (1) replace the phrases "pornographic material" and "pornographic imagery" with "materials or imagery that have a primary purpose of causing sexual arousal," (2) clarify the condition restricting access to "any computer internet or local bulletin [board] service which provides access to or markets pornographic imagery," and (3) reduce the term of probation to two years.  The judgment is affirmed in all other respects.

_____
SIMONS, J.

We concur.


_____
JACKSON, P. J.


_____
BURNS, J.


(A161138)

4