Filed 8/10/22  P. v. Jones CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C094439 |
| Plaintiff and Respondent, | (Super. Ct. No. PR202100010) |
| v. | |
| THOMAS JONES, | |
| Defendant and Appellant. | |

Defendant Thomas Jones's[1] parole was revoked after the trial court found she violated a parole condition prohibiting her access to "sexually oriented or sexually stimulating objects, articles, magazines and/or devices" and "pornographic material." She contends the condition is unconstitutionally vague and, furthermore, insufficient evidence supports the revocation. The People dispute both contentions. Agreeing that the condition is unconstitutionally vague, we reverse and remand with instructions.

---

[1] Defendant identifies as female and uses female pronouns.

1

## BACKGROUND

In February 2013, defendant was sentenced to eight years eight months in prison for robbery and using pepper spray as a weapon (Pen. Code, §§ 211, 22810, subd. (g)(1)).[2]  In March 2021, she was released from state prison on a two-year term of parole. As a section 290 registrant for unlawful sexual intercourse with a minor in 2007 and 2005 (§ 261.5, subd. (c)) and committing a lewd and lascivious act, at age 13, against her younger sister (§ 288, subd. (a)), her conditions of parole included Special Condition 31 (condition 31): "You shall not view, possess, or have access to any sexually oriented or sexually stimulating objects, articles, magazines and/or devices, or pornographic material in any format, including electronic communication devices (e.g., movies, photographs, drawings, literature, websites, texts, etc.)."

In June 2021, defendant's parole officer filed a revocation petition alleging defendant violated condition 31.  According to the petition, a search of defendant's cell phone revealed she had downloaded over 100 photos of children in underwear and swimsuits, visited an adult pornographic website, and photographed and videoed herself nude and masturbating alone in her residence, apparently to share with adults in online video chats.

In the July 2021 revocation hearing, the parole officer conceded there was nothing unlawful about the website, images, or video.  When asked about the difference between a "sexually oriented or sexually stimulating object, article, magazine and/or device" and "pornographic material," the officer stated he relied on his training to identify "[b]ascially anything that is pornographic or anything that a subject may, you know, have a certain feeling about a certain object or a certain thing, such as basic pornography, or maybe if a person is attracted to a vegetable, then if you can prove that they're attracted

---

[2]  Undesignated statutory references are to the Penal Code.

2

to that vegetable, then you can substantiate the violation, per se." Such determinations were made on a "case-by-case basis," which his supervisor would then review "to make sure that it's actually pornographic in nature."

Defense counsel argued this testimony demonstrated condition 31 is unconstitutionally vague because it grants unfettered discretion to the parole officer, leading to discriminatory outcomes. Counsel further argued there was no basis to conclude "adult porn" and "sexually stimulating objects" would cause defendant to reoffend against minors. Such prohibitions, counsel asserted, would frustrate the goal of "encourag[ing] healthy sexual relationships." Moreover, "the reality is, in our digital age, sending . . . sexually oriented material of oneself is part of normal, healthy relationships. . . . It is not anything that has to do with criminal conduct or something that may lead someone to think that a person who engages in that behavior might also commit crimes." Counsel noted that "[i]f we wanted to keep Ms. Jones from having photographs of children, then the condition could very well say, 'Do not have photographs of children on your phone.' "

Rejecting counsel's vagueness argument, the trial court stated: "I suppose there are applications where it can be vague, but I don't think it's vague on its face. [¶] That is to say, I know we used the example of being sexually attracted to vegetables, for instance. I think that these farfetched examples, they set perhaps an outside boundary as to what might be vague, and we simply don't have that here. I think a reasonable interpretation sets reasonable limits on [condition] 31."

The trial court found that the photographs of children did not violate condition 31 because "it's difficult to ascertain what would be sexually gratifying for Ms. Jones and what wouldn't be with respect to what would otherwise be legal photographs." But the trial court found "that the selfies of Ms. Jones masturbating with the photos and videos, that would be pornography and that would be a violation of [condition] 31." The court

3

also found that defendant had violated condition 31 by visiting the adult pornographic website.

The trial court granted the revocation petition and sentenced defendant to 104 days in custody, with credit for 84 days served. Defendant timely appealed; the case was fully briefed on May 11, 2022, after multiple continuances of briefing by both parties, and was assigned to this panel soon after.

## DISCUSSION

Defendant contends condition 31 is unconstitutionally vague.

As a threshold matter, even though defendant's revocation term has ended, we entertain her appeal because she has not been discharged from parole and, in any event, the issue is likely to recur. (See *People v. Austin* (2019) 35 Cal.App.5th 778, 786; *People v. Johnson* (2020) 58 Cal.App.5th 363, 366, fn. 1.)

Turning to the merits of defendant's appeal, " '[p]arole conditions, like conditions of probation, must be reasonable since parolees retain "constitutional protection against arbitrary and oppressive official action." [Citation.] Conditions of parole must be reasonably related to the compelling state interest of fostering a law-abiding lifestyle in the parolee.' " (*People v. Navarro* (2016) 244 Cal.App.4th 1294, 1299.) " 'The validity and reasonableness of parole conditions is analyzed under the same standard as that developed for probation conditions.' " (*People v. Relkin* (2016) 6 Cal.App.5th 1188, 1194.) We review vagueness challenges de novo. (*Navarro*, at p. 1301.)

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] . . . . A vague law 'not only fails to provide adequate notice to those who must observe its strictures, but also "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." [Citation.]' [Citation.] In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied

4

in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "*reasonable* specificity." ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) Our high court thus held that a condition forbidding a minor from associating with " 'anyone disapproved of by probation,' " was unconstitutionally vague because the "condition did not notify defendant in advance with whom she might not associate through any reference to persons whom defendant knew to be disapproved of by her probation officer." (*Id.* at pp. 889, 891-892; see *People v. Austin, supra*, 35 Cal.App.5th at p. 790 [applying standard to parole conditions].)

In *People v. Turner* (2007) 155 Cal.App.4th 1432 (*Turner*), this court held that a condition prohibiting the defendant from " 'possess[ing] any sexually stimulating/oriented material deemed inappropriate by the probation officer and/or patroniz[ing] any places where such material or entertainment is available' " (*id.* at p. 1435) was "an inherently imprecise and subjective standard. It is not materially distinguishable from the probation condition in *Sheena K.* forbidding association with anyone disapproved of by the probation department" (*id.* at p. 1436). To render the provision constitutional, we modified it to cover only those materials and places for which the probationer was informed in advance were prohibited. (*Ibid.*) *People v. Pirali* (2013) 217 Cal.App.4th 1341 similarly modified a probation condition prohibiting the defendant's purchase or possession of materials deemed explicit or pornographic by the probation officer. (*Id.* at p. 1353.)

*In re D.H.* (2016) 4 Cal.App.5th 722 (*D.H.*) took a different approach. There, a 16-year-old minor who admitted to indecent exposure on a public bus was placed on probation, a condition of which prohibited him from " 'access[ing] pornography on any electronic devices or otherwise.' " (*Id.* at pp. 724, 725.) Finding the "inherently vague" term "pornography" could not "be made sufficiently precise by modifying it to prohibit accessing materials that the probationer knows are pornographic because the term itself is subjective and subject to different interpretations," the appellate court directed the trial

5

court on remand to "define more precisely the material the court intends to prohibit." (*Id.* at p. 729.) Although not confronted with an overbreadth challenge, the appellate court suggested that "the court carefully consider what purpose this condition is intended to serve, as it is far from clear to us how restricting D.H.'s access to *any* materials that might be considered pornographic will help him avoid the behavior he exhibited in committing his offense or aid more generally in his rehabilitation." (*Ibid.*) Defendant requests that we take this approach.

The People do not attempt to distinguish *D.H.* They acknowledge that the parole officer conceded the definitions of "pornographic" and "sexually oriented or sexually stimulating" are subjective. Nevertheless, the People cite *People v. Olguin* (2008) 45 Cal.4th 375 for the proposition that a condition should be given " 'the meaning that would appear to a reasonable, objective reader.' " (*Id.* at p. 382.) They suggest the dictionary definition of "pornography" meets this standard. In *Olguin*, our high court rejected the defendant's vagueness challenge to a condition requiring him to inform his probation officer of pets in his household, noting that defendant was attacking the condition's breadth, not its clarity. (*Id.* at p. 386.) *Olguin* did not address an inherently vague term like pornography, much less suggest such vagueness can be resolved by simply referencing a dictionary--a result that would have obviated the aforementioned precedents and therefore does not aid the People.

We also reject the People's claim that "sexually oriented or sexually stimulating" is sufficiently clear. This clause, they argue, is distinct from its counterpart in *Turner* because it is not overtly limited to that which is "deemed inappropriate" by the parole officer. But the record establishes that, in practice, the clause is applied subjectively, as evidenced by the parole officer's concession to this effect, his inability to articulate any parameters delimiting the scope of the clause, and the fact he volunteered it could include vegetables. Thus, the clause " ' "impermissibly delegates basic policy matters . . . for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and

discriminatory application" ' " and so lacks " ' "*reasonable* specificity." ' " (*In re Sheena K., supra*, 40 Cal.4th at p. 890.)

Therefore, condition 31 is unconstitutionally vague.[3]

We will follow the approach taken in *D.H., supra*, 4 Cal.App.5th 722, and remand the matter to the trial court to define more precisely the prohibited "pornographic materials" and "sexually oriented or sexually stimulating" items. (See *People v. Austin, supra*, 35 Cal.App.5th at p. 791 [similar disposition as to parole condition].) As in *D.H.*, we encourage the trial court, on remand, to carefully consider the scope and purpose of condition 31. Defendant's sex offenses occurred over 15 years ago and were against minors. Yet her parole was revoked not for the images of children she downloaded, but because she visited an adult pornographic website and recorded images of her own body to share with adults. This observation suggests the condition might not be specifically tailored to discouraging a recurrence of defendant's harmful behaviors while aiding in her rehabilitation. (See *People v. Johnson, supra*, 58 Cal.App.5th at p. 370 ["maintaining public safety and ensuring parolees' rehabilitation are the twin objectives of parole supervision"].) On remand, the parties may raise any challenges to the modified condition.[4]

---

[3] In light of this conclusion, we need not address defendant's insufficiency of the evidence claim. (See *People v. Austin, supra*, 35 Cal.App.5th at p. 791, fn. 4.)

[4] We take no position on whether defendant may, as a result of this disposition, be eligible for early parole under section 3000.01, subdivision (b)(1).

## DISPOSITION

The order revoking defendant's parole is reversed, and the matter is remanded for further proceedings to modify condition 31 in a manner consistent with this opinion.

_____/s/_____
Duarte, J.

We concur:

\_\_\_\_\_/s/_____
Hull, Acting P. J.

\_\_\_\_\_/s/_____
Hoch, J.