Filed 9/10/24  P. v. Drummond CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083408 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD300616) |
| ROBERT L. DRUMMOND, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed.

William P. Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Kathryn Kirschbaum, Deputy Attorneys General for Plaintiff and Respondent.

# I

## INTRODUCTION

Defendant Robert L. Drummond pleaded guilty to one count of abusing a cohabitant. Thereafter, the probation department filed a report recommending that the trial court place Drummond on formal probation for three years subject to several conditions, including a condition (hereafter, Condition 6(o)) requiring him to "[s]eek and maintain full-time employment … if directed by the [probation officer]." During sentencing, the court orally imposed a three-year term of formal probation and adopted "[e]verything" in the probation department's recommendation. It also issued a written court order granting probation and imposing Condition 6(o) as set forth in the probation department's recommendation. However, during sentencing, the court—using slightly different language—at times opined that Drummond needed to "get a job" as a condition of probation.

Drummond appeals the judgment and contends the trial court imposed an unreasonable and invalid probation condition insofar as it ordered him to "get a job." The People claim the court did not impose a condition requiring him to get a job (hereafter, a "Get a Job" condition); rather, it imposed Condition 6(o) as it was phrased in the probation department's recommendation and the written court order granting probation. However, to the extent there is an inconsistency between the oral pronouncement and the written court order, the People do not oppose a modification of the probation condition to match Condition 6(o).

The court's statements that Drummond must "get a job" give rise to at least a partial discrepancy between the oral pronouncement of the probation condition and the probation condition set forth in the written court order. The traditional rule is that a court's oral pronouncement of a probation

2

condition controls when there is a discrepancy between the oral pronouncement and a written court order, but the modern rule is that the part of the record that will prevail is the one that should be given greater credence under the particular circumstances of the case. Here, the circumstances of the case dictate that Condition 6(o), as set forth in the written court order, is the governing probation condition. Because Condition 6(o) is the controlling probation condition, we need not consider whether a "Get a Job" probation condition would be a reasonable and valid condition.

The judgment is affirmed.

## II

## BACKGROUND

The district attorney filed a felony complaint against Drummond charging him with abuse of a cohabitant (Pen. Code,[1] § 273.5; count 1); assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 2); assault with a deadly weapon (§ 245, subd. (a)(1); count 3); and making a criminal threat (§ 422; count 4). For counts 2, 3, and 4, the felony complaint alleged the victim was a person defined in Family Code section 6211 within the meaning of section 1203.097.

Pursuant to a plea agreement, Drummond pleaded guilty to the abuse of a cohabitant charge and the court dismissed all of the other pending charges. For the factual basis of the plea, Drummond admitted he willfully and unlawfully inflicted a corporal injury resulting in a traumatic condition on M.T., a person with whom he previously cohabitated.

Prior to sentencing, the probation department prepared and filed a report recommending that the court place Drummond on formal probation for three years. The report included a proposed court order granting probation,

---

[1]     Further undesignated statutory references are to the Penal Code.

3

which included Condition 6(o) as a condition of probation. Condition 6(o) required Drummond to "[s]eek and maintain full-time employment, schooling, or a full-time combination thereof if directed by the [probation officer]."

At sentencing, the court suspended imposition of sentence and placed Drummond on formal probation for three years. At the outset of the hearing, the court indicated it had read and considered the probation department's report. The court then stated it was imposing probation subject to conditions, including "*[e]verything* in paragraph ... 6" of the proposed court order that was attached to the probation department's report. (Italics added.) The court asked Drummond if he accepted probation on these terms, and Drummond replied, "Yes."

After Drummond accepted probation on these terms, the following colloquy between the court and Drummond ensued:

"THE COURT: Do you currently have a full-time job?

THE DEFENDANT: No. I'm on disability .... [¶]

THE COURT: ... [A]re you currently taking medication?

THE DEFENDANT: No.

THE COURT: You need a job.

THE DEFENDANT: It's a learning disability that I have.

THE COURT: You can get a job. Learning disability – you can wash dishes anywhere. Sir, you're not going to get away with that here. You're on such a disability that you don't have even medication you're on. I don't have any evidence of an Axis 1 diagnosis. [¶] I'm telling you, you need to get a job. That's a court order, and it's a term and condition of your probation.

THE DEFENDANT: As far as the medication, the reason why I haven't been taking medication lately is because I have to go to the doctors, and I don't know how to do that. ...

THE COURT: Sir, you're going to get a job. And if you don't get a job, it's going to be a violation of probation. You are going to get

4

a job. You are 34 years old, and there's no reason why you can't get a job in this case."

Defense counsel objected to the probation condition on the ground that Drummond was eligible for disability benefits and currently receiving them. The court replied, "That's not the only reason for a job, is just to get income. [¶] He – first of all, he is going to pay the victim restitution if it's ordered … [and] he has fines that are ordered. But given what his underlying issues are, he has no focus in anything else he's involved with in his life. He seems like, based on the issues he's had for some time, he could use something in his life that's productive to do. But he's not in school, from what I understand, he's not taking medication for any sort of condition, and it seems that he could be a contributing member of society. [¶] So I'm going to order that he get a job, and I'm going to let probation monitor him doing that. But he needs to get a job."

After sentencing, the court issued a written court order placing Drummond on formal probation for three years, subject to various conditions. Condition 6(o) of the written court order mirrored Condition 6(o) from the probation department's proposed court order, word-for-word. It required Drummond to "[s]eek and maintain full-time employment, schooling, or a full-time combination thereof if directed by the [probation officer]." The court also issued a separate written minute order, dated December 13, 2023, which in the margin stated, "The court orders defendant to get a job."

III

DISCUSSION

" 'Probation is a form of leniency which is predicated on the notion that a defendant, by proving his ability to comply with the requirements of the law and certain special conditions imposed upon him, may avoid the more severe sanctions justified by his criminal behavior.' " (*People v. Garcia* (2006)

5

39 Cal.4th 1070, 1087.)  Under state law, a trial court may impose any "*reasonable* conditions [of probation], as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer …."  (§ 1203.1, subd. (j), italics added.)  A court has "broad discretion" to set the conditions of probation in order to achieve these aims.  (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624.)

By statute, a court may "require as a condition of probation that the probationer go to work and earn money for the support of the probationer's dependents or to pay any fine imposed or reparation condition, to keep an account of the probationer's earnings, to report them to the probation officer and apply those earnings as directed by the court."  (§ 1203.1, subd. (d).)  "Not surprisingly, '[a]n order that a criminal defendant seek and maintain gainful employment as a condition of probation is one commonly imposed.' "  (*People v. Sanchez* (2019) 38 Cal.App.5th 907, 919.)  However, the reasonableness of such a condition depends on the "particular circumstances" of the probationer.  (*People v. Kim* (2011) 193 Cal.App.4th 836, 841.)  "[T]he possibility of noncompliance [with a probation condition] due to circumstances beyond a probationer's control precludes the *imposition of the condition of probation in the first place* only where the trial 'court can say as a matter of law [that] compliance would be impossible.' "  (*Sanchez*, at p. 919.)

Drummond's sole contention on appeal is that the trial court imposed a "Get a Job" probation condition that is unreasonable because his claimed disability could make it infeasible for him to obtain employment.  Drummond states that Condition 6(o) of the written court order—requiring him to "[s]eek and maintain full-time employment … if directed by the [probation officer]"—

6

is reasonable because it "considers [his] particular circumstances with regard to his learning disability," but he claims the court imposed a "Get a Job" condition, not Condition 6(o).  In response, the People argue that the court orally imposed Condition 6(o), as it was phrased in the probation department's proposed court order and later memorialized in the written court order, and the court was merely admonishing Drummond to abide by Condition 6(o) when it informed him to get a job.

There is at least a partial discrepancy between the oral pronouncement of the probation condition and the written court order granting probation. During the oral pronouncement, the court informed Drummond he needed to *get a job* as a probation condition and the probation department would *monitor him*.  By contrast, Condition 6(o) of the written court order requires Drummond to *seek* and *maintain* full-time employment *if directed by the probation officer*.  Given this discrepancy, we must decide which probation condition governs—Condition 6(o) or the "Get a Job" condition.

"Although the traditional rule was that a court's oral pronouncement of probation conditions controlled over the written version, 'the modern rule is that if the clerk's and reporter's transcripts cannot be reconciled, the part of the record that will prevail is the one that should be given greater credence in the circumstances of the case.' " (*In re D.H.* (2016) 4 Cal.App.5th 722, 725; see *People v. Contreras* (2015) 237 Cal.App.4th 868, 880 ["if the reporter's transcript and the clerk's transcript … cannot be reconciled, we do not automatically defer to the reporter's transcript, but rather adopt the transcript that should be given greater credence under the circumstances of the particular case"].)  "Indeed, the oral pronouncement may well be less inclusive given that 'probation conditions "need not be spelled out in great detail in court as long as the [probationer] knows what they are; to require

recital in court is unnecessary in view of the fact the probation conditions are spelled out in detail on the probation order." ' " (*In re D.H.*, at p. 725.)

Applying the modern rule, we conclude Condition 6(o) is the governing probation condition. As noted, the probation department filed a written report recommending probation, which included a proposed court order containing Condition 6(o). At sentencing, the court stated it had read and considered the probation department's report and recommendation. The court then imposed "[e]verything" in Paragraph 6 of the proposed court order, an expansive and inclusive ruling that presumably encompassed Condition 6(o), and it obtained Drummond's confirmation he accepted probation on these terms. Only after imposing probation on these terms did the court engage in a discussion with the defense in which the defense seemed to suggest Drummond should not have to pursue any employment opportunities at all due to his claimed disability. Given this context, we view the court's "get a job" statements as admonitions to Drummond that he must adhere to Condition 6(o), not as an attempt by the court to modify Condition 6(o), which it had imposed just moments earlier (together with "[e]verything" else in Paragraph 6 of the proposed court order). Our conclusion is reinforced by the fact that the court later issued a written court order that included Condition 6(o), not a "Get a Job" condition.

In short, Condition 6(o), as set forth in the probation department's proposed court order, as adopted by the court during the sentencing hearing, and as memorialized in the written court order granting probation, is the controlling condition of probation related to employment. Condition 6(o), in relevant part, requires Drummond to "[s]eek and maintain full-time employment … if directed by the [probation officer]." Because Condition 6(o)

8

is the controlling employment-related condition, it is unnecessary for us to assess whether a "Get a Job" condition would be reasonable.

## IV

## DISPOSITION

The judgment is affirmed.

The matter is remanded with instructions that the trial court strike the following language from its written minute order, dated December 13, 2023: "The court orders defendant to get a job."

McCONNELL, P. J.

WE CONCUR:

O'ROURKE, J.

DO, J.

9