Filed 12/7/21  P. v. Davis CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077917 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD285328) |
| IAN DAVIS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed and remanded with directions.

Matthew Aaron Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Julie L. Garland, Assistant Attorneys General, Arlene A. Sevidal, Andrew Mestman and Susan Elizabeth Miller, Deputy Attorneys General, for Plaintiff and Respondent.

The People charged Ian Davis in a felony complaint with six counts of indecent exposure (Pen. Code,[1] § 314, subd. (1)), alleging he had suffered a

---

[1] Undesignated statutory references are to the Penal Code.

prior conviction of the same crime, and one count of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)). The complaint alleged he was required to register as a sex offender under section 290, subdivision (c).

Davis pleaded guilty to two counts of indecent exposure (§ 314, subd. (1)) and, in exchange, the People dismissed the remaining charges. The court sentenced him to 365 days local custody and placed him on formal probation for three years. It imposed probation condition 6(n), requiring Davis to submit to warrantless search of electronic devices; condition 10(o), prohibiting him from knowingly possessing "toys, video games, or similar items" that he knows or is informed by law enforcement attract children; and condition 10(p), prohibiting him from knowingly possessing pornographic materials and frequenting places where such materials are the main item for sale.

On appeal, Davis contends: (1) the electronic search condition is unreasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) and *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*) because it is not reasonably related to future criminality, is disproportionate to the state's interest in monitoring him, and is unconstitutionally overbroad in violation of his constitutional rights; (2) the condition prohibiting him from possessing "toys, video games, or similar items" is unreasonable under *Lent* and must be stricken and alternatively it is unconstitutionally vague; (3) the condition prohibiting him from possessing "pornographic material" is unreasonable under *Lent* and alternatively it is unconstitutionally vague; (4) Assembly Bill No. 1950 applies to his case retroactively, and his probationary period should therefore be reduced to two years; and (5) Assembly Bill No. 1869 also applies to him retroactively, and this court should strike the criminal justice administration fees imposed under Government Code section 29550. We

2

affirm the judgment of conviction but strike one of the probation conditions. We also accept the People's concessions that Assembly Bill No. 1950 and Assembly Bill No. 1869 apply to this case. We accordingly remand with directions set forth below.

## FACTUAL BACKGROUND

We summarize the facts from the probation report. As part of his guilty plea, Davis admitted that on two days in February 2020, he "engaged in willful, lewd, and unlawful behavior by exposing [his] penis in a public place where other persons were present to be offended and annoyed." Specifically, on February 2, 2020, at approximately 7:30 a.m., when school was in session and children were present, witnesses saw Davis on school property with his hands inside his pants. About an hour later, Davis went back to the preschool and sat on a stairwell. Witnesses saw him masturbating. At about 9:30 a.m., other witnesses saw Davis masturbating. At approximately 12:30 p.m. police officers investigating the case saw Davis digitally manipulating his exposed, erect penis while on preschool property. The probation report states: "An investigation ensued and it was learned the defendant had exposed himself to others five times, to include an officer having witnessed the fifth occurrence."

The probation report states: "In this matter, [Davis] repeatedly went to the same areas; one of which was a church/preschool, where he exposed himself and openly masturbated. He was also found in possession of methamphetamine, was on probation and a [sex] registrant at the time. [¶] [He] has been granted probation one time in the past . . . . He also had a misdemeanor pending case. His prior performance on probation was deemed poor, especially given his continued failure to remain law abiding."

3

The probation officer concludes: "It was worrisome that in the past, [Davis] was reported to be watching children play while openly masturbating and that this case also involved a day care where children were present. . . . [¶] He is now appearing before the Court after incurring his first felony conviction but has a prior record of criminal conduct to include a prior indecent exposure case; therefore, his behavior in this case was not out of character for him and on the contrary, he seemed to be escalating in frequency. It was also felt he knew or should have known the consequences of his actions, especially given his prior arrests in the same area. It appeared Davis specifically chose locations in close proximity to children at places of worship and/or schools, that he had ample opportunities to leave the area and cease his aberrant behavior, but his compulsion would not let him and he was a chronic offender not likely to stop without some form of intervention."

As to Davis's criminal history, the probation report states that in 2019, "Officers responded to a call regarding [Davis] openly masturbating at a park on Adams Avenue. They arrived and contacted [Davis] who was openly masturbating while children were in full view playing in the park. A witness reported [Davis] was watching the children play while he masturbated and as she came closer to him, he continued to masturbate, so she called the police."

In a different 2019 incident, "officers responded to a call of a male exposing and touching himself in an alley off Adams Avenue. They responded and contacted the witness who reported he saw [Davis] masturbating in the alley and [the witness] had his young daughter with him, so he called the police."

4

DISCUSSION

I. *Electronic Search Condition*

A. *Analysis Under* Lent */*Ricardo P.

Davis contends the electronic search condition must be stricken because it is unreasonable under *Lent*, *supra,* 15 Cal.3d 481 as nothing in the record indicates he has a history of using electronic devices to commit crimes.

At sentencing, Davis objected to probation condition 6(n), which provides that he "[s]ubmit person, vehicle, residence, property, personal effects, computers, and recordable media including electronic devices to search at any time with or without a warrant, and with or without reasonable cause, when required by [probation officer] or law enforcement officer." He argued that no "nexus" existed between this condition and his underlying offenses because he did not use any electronic devices in committing them.

The court in imposing the condition reasoned: "As [counsel] said, [Davis] was really high on methamphetamine. And so when one is high on methamphetamine, it—it oftentimes makes them hypersexualized. And so, being high on meth, being hypersexualized by that, and then looking at pornography on your phone, that is a recipe for repeating the same sort of behavior that [Davis] demonstrated in front of the church. [¶] And then secondly, there were children present."

1. *Legal Principles and Standard of Review*

"When an offender chooses probation, thereby avoiding incarceration, state law authorizes the sentencing court to impose conditions on such release that are 'fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and . . . for the reformation and rehabilitation of the probationer.' (§ 1203.1, subd. (j).) Accordingly, . . . a

5

sentencing court has 'broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to . . . section 1203.1.' [Citation.] But such discretion is not unlimited: '[A] condition of probation must serve a purpose specified in the statute,' and conditions regulating noncriminal conduct must be ' "reasonably related to the crime of which the defendant was convicted or to future criminality." ' " (*People v. Moran* (2016) 1 Cal.5th 398, 402-403.)

Under *Lent*, *supra*, 15 Cal.3d 481, " 'a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality.' [Citation.] . . . 'A condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." ' [Citation.] The *Lent* test 'is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term.' " (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1118.)

*Lent*'s third prong, the sole factor at issue here, requires an analysis of the "connections between the burdens imposed by the challenged [probation] condition and a probationer's criminal conduct or personal history," as well as the goal of deterring future criminality. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1120.) This prong "requires more than just an abstract or hypothetical relationship between the probation condition and preventing future criminality." (*Id.* at p. 1121.) It contemplates a degree of proportionality (*id.* at p. 1122); a condition will satisfy *Lent*'s third prong of invalidity if, in light of the facts and circumstances in the case, the burden it imposes on a probationer is "substantially disproportionate to the condition's goal . . . ."

6

(*Ricardo P.,* at p. 1119; see also *id.* at pp. 1127-1128.) At the same time, conditions " 'aimed at rehabilitating the offender need not be so strictly tied to the offender's precise crime' [citation] so long as they are 'reasonably directed at curbing [the defendant's] future criminality' [citation]. For example, courts may properly base probation conditions upon information in a probation report that raises concerns about future criminality unrelated to a prior offense." (*Id.* at p. 1122, citing *People v. Lopez* (1998) 66 Cal.App.4th 615, 623-625.)

In *Ricardo P.*, the California Supreme Court found such proportionality lacking where the trial court imposed a "sweeping" electronics search condition on a juvenile probationer where "nothing in the record suggest[ed] he] ever used an electronic device or social media in connection with criminal conduct." (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1122.) The sole justification for the condition was the trial court's observation that the minor had previously used marijuana and belief that minors typically "brag[ged]" about drug use on the Internet. (*Ibid.*) On that record, the California Supreme Court held the condition imposed "a very heavy burden on privacy with a very limited justification," and the disproportion compelled the court to invalidate it under *Lent* as "not ' "*reasonably* related to future criminality." ' " (*Ricardo P.,* at p. 1124.)

We review Davis's probation conditions for abuse of discretion. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1118.) Under that standard, we look " 'for an indication that the condition is "arbitrary or capricious" or otherwise exceeds the bounds of reason under the circumstances.' " (*Ibid.*) Thus, "a reviewing court will disturb the trial court's decision to impose a particular condition of probation only if, under all the circumstances, that choice is arbitrary and capricious and is wholly unreasonable." (*People v. Moran*,

*supra*, 1 Cal.5th at p. 403.) But we review de novo constitutional challenges. (*People v. Stapleton* (2017) 9 Cal.App.5th 989, 993.)

    2. *Analysis*

We conclude the electronics condition is reasonably related to Davis's future criminality and successful rehabilitation. Because of the sexual nature of the charged offenses in this case and in his previous case, and his sexual attraction to children, he poses a significant public safety risk. Davis masturbated in front of a preschool while witnesses were present. On five different occasions that day witnesses saw Davis masturbating. Officers arrived and saw him digitally manipulating his exposed, erect penis while on preschool property.

Moreover, in 2019, Davis was seen openly masturbating while children who were playing in the park were in full view. The substantial public safety and rehabilitative concerns and the secretive nature of sex crimes (See *People v. Falsetta* (1999) 21 Cal.4th 903, 918) justify the temporary burden imposed on Davis's privacy interests in the contents of his electronics devices.

The electronic search condition is also reasonably related to Davis's future criminality because it would ensure his compliance with the unchallenged probation conditions prohibiting him from participating in computer chat rooms or knowingly contacting minors via computer, and from knowingly associating with minors.

We agree with the People that Davis's criminal record "shows he has substantial risk factors relevant to reoffending: he has persistent narcotics abuse problems, including his continued use of illegal substances while on probation; and he has a history of noncompliance on probation and parole and fails to remain law-abiding. Moreover, [his] other past and present convictions (i.e., masturbating on school grounds and while watching children

8

playing in a park) implicate significant public safety concerns. . . . [T]he trial court had a reasonable basis to conclude the most effective way to confirm [Davis] remains law-abiding is to permit probation to examine his electronic devices, rather than relying solely on [Davis's] word."

The court in *Ricardo P.* did not categorically invalidate electronics search conditions, but instead explained, "In certain cases, the probationer's offense or personal history may provide the . . . court with a sufficient factual basis from which it can determine that an electronics search condition is a proportional means of deterring the probationer from future criminality." (*Ricardo P., supra,* 7 Cal.5th at pp. 1128-1129.)

Davis's reliance on *Riley v. California* (2014) 573 U.S. 373 is misplaced. *Riley* addressed a search incident to arrest, not someone with a probation condition (*Riley*, 573 U.S. at p. 378), which is a different matter than someone convicted of a crime, granted probation, and under court monitoring to ensure his rehabilitation. As the Supreme Court in *Samson v. California* (2006) 547 U.S. 843, 853 recognized, "a State's interests in reducing recidivism and thereby promoting reintegration and positive citizenship among probationers and parolees warrant privacy intrusions that would not otherwise be tolerated under the Fourth Amendment." As such, *Riley* does not apply here, and the trial court did not abuse its discretion by imposing the electronics search condition.

B. *Constitutional Challenge to the Electronic Search Condition*

For the first time on appeal, Davis contends the electronic search condition is unconstitutionally overbroad in violation of his Fourth Amendment right to be free from unreasonable searches. This court recently pointed out that such challenges "ordinarily must be raised in the trial court, and if they are not, appellate review of those conditions is forfeited.

9

[Citation.]  The one exception to this rule involves facial constitutional challenges.  [Citation.]  The forfeiture rule does not apply in such a case because a facial constitutional challenge ' "present[s] [a] 'pure question[ ] of law that can be resolved without reference to the particular sentencing record developed in the trial court' " ' [citation] and 'does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts—a task that is well suited to the role of an appellate court.' " (*People v. Brand* (2021) 59 Cal.App.5th 861, 867.)

Davis argues that he "did not target a minor, nor did he do so by way of social media.  Moreover, the purpose of the restriction here (to prevent [Davis] from watching pornography on a cell phone) is far less compelling . . . since the record is bereft of evidence that [he] uses electronic devices for unlawful sexual purposes.  Moreover, there is nothing to suggest that warrantless access to [his] electronic devices would serve to prevent the feared behavior since he does not have a demonstrated history of viewing pornography, let alone viewing pornography and committing criminal acts thereafter.  Yet, the restriction itself is just as sweeping."  Because Davis bases his constitutional challenge on the specific facts of his case, it is not a facial challenge, and therefore it is forfeited because Davis did not raise it in the trial court.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 887-889.)

II.  *Probation Condition 10(o)* (*Possession of Toys, Video Games, etc.*)

Davis contends probation condition 10(o), which provides that he "not knowingly possess/have in [his] home toys, video games, or similar items that [he] know[s], or [his probation officer] or other law enforcement officer informs [him], attract children" is unreasonable under *Lent, supra*, 15 Cal.3d 481, in that it bears no relationship to preventing his future criminality and

no evidence showed his crime of indecent exposure had any connection to probation condition 10(o).

Davis agrees the issue here deals with *Lent's* third prong. We conclude the condition prohibiting Davis from possessing toys, video games, or similar items that he knows or is informed attract children is reasonably related to his future criminality and successful rehabilitation. As shown in this and his previous case, Davis masturbates in places where children are present; therefore, he poses a significant public safety risk. In this case, Davis masturbated in front of a preschool in the daytime, while school was in session. In light of the court's substantial concerns regarding public safety and Davis's rehabilitation, and given the secretive nature of sex crimes, this probation condition will help Davis avoid future criminal acts, and is reasonable under *Lent*.

Davis also contends this condition is "unconstitutionally vague because [it does] not provide fair warning of what is prohibited and [is] not sufficiently precise to identify the items [he] is to avoid possessing." Again, Davis bases his constitutional challenge on the specific facts of his case, contending: "Given the lack of evidence that [he] has ever tried to lure children to his home or ingratiate them with toys, any attempt to understand the items prohibited in the context of [Davis] or his crime is similarly futile." Davis does not make a facial challenge to the probation condition; therefore the claim is forfeited because it was not raised in the trial court. (*In re Sheena K., supra,* 40 Cal.4th, at pp. 887-889.)

### III. *Condition No. 10(p) (Pornography Possession)*

Relying on *In re D.H.* (2016) 4 Cal.App.5th 722, 727-729 (*D.H.*), Davis contends probation condition 10(p) that he "not knowingly possess any pornographic material, including computer files and disks, or knowingly be in

11

places where [he] know[s], or [his probation officer] or other law enforcement officer inform[s] [him], that pornographic materials are the main items for sale" is unconstitutionally vague and must be stricken because it is inherently imprecise and subjective as worded.

Although the People do not discuss *D.H., supra,* 4 Cal.App.5th 722 in their respondent's brief, they agree that this probation condition is vague because the identification of pornography is inherently imprecise and subjective. However, relying on *People v. Turner* (2007) 155 Cal.App.4th 1432, 1436 (*Turner*) and *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1353 (*Pirali*), they propose a revision to probation condition 10(p) that is similar to modifications that have satisfied other appellate courts: Davis "shall not possess or view pornographic or sexually explicit material, having been informed by the probation officer that specified publications, websites, or other materials are pornographic or sexually explicit." (See *Turner,* at p. 1436; *Pirali,* at p. 1353.)

The defendant in *Pirali,* who had been convicted of possessing child pornography, was barred by the conditions of his probation from possessing or purchasing " 'any pornographic or sexually explicit material as defined by the probation officer.' " (*Pirali, supra,* 217 Cal.App.4th at p. 1344.) He argued this condition was unconstitutionally vague. (*Id.* at p. 1352.) The appellate court agreed, and modified the condition to state: " 'You're ordered not to purchase or possess any pornographic or sexually explicit material, having been informed by the probation officer that such items are pornographic or sexually explicit.' " (*Id.* at p. 1353.)

The appellate court in *Pirali, supra,* 217 Cal.App.4th 1341 relied on *Turner, supra,* 155 Cal.App.4th 1432, in which the defendant exposed himself to a three-year-old girl. (*Id.* at p. 1434.) One of his probation conditions

barred him from possessing "any sexually stimulating/oriented material deemed inappropriate by the probation officer and/or patronize any places where such material or entertainment is available." (*Ibid.*) The appellate court concluded this condition was unconstitutionally vague and modified the condition to read, " 'Not possess any sexually stimulating/oriented material having been informed by the probation officer that such material is inappropriate and/or patronize any places where such material or entertainment in the style of said material are known to be available.' " (*Ibid.*) The court also concluded that, as modified, the condition was not overbroad because "[p]reventing the possession of sexually oriented materials by persons such as defendant promotes public safety and his rehabilitation." (*Id.* at p. 1437.)

In *Pirali* and *Turner*, the courts were concerned with advance notice to the probationer, and ruled that the probation officer would determine what was prohibited and inform the probationers of that. (See *Pirali, supra,* 217 Cal.App.4th at p. 1353; *Turner, supra,* 155 Cal.App.4th. at p. 1436.) Neither case directly addressed what Davis argues here—the term "pornography" is unconstitutionally vague.

This issue was addressed in *D.H.*, where a 16-year-old minor who admitted to indecent exposure on a public bus was placed on probation. (*D.H., supra,* 4 Cal.App.5th at p. 724.) A probation condition prohibited the minor from accessing pornography. (*Id.* at p. 725.) The minor argued on appeal that the no-pornography condition was unconstitutionally vague. (*Id.* at pp. 727-728.) The appellate court agreed that the term " 'pornography' " was inherently vague and directed the trial court on remand "to define more precisely the material the court intends to prohibit." (*Id.* at p. 729.) That court also stated that "*Pirali* and *Turner* provide little guidance . . . because

13

both decisions were concerned with the lack of notice created by leaving the prohibited category's definition to the probation officer." (*D.H.,* at p. 728.)

We agree with the reasoning of *D.H., supra,* 4 Cal.App.5th 722, that probation condition 10(p), as currently written, is unconstitutionally vague and must be stricken. (See *People v. Dominguez* (1967) 256 Cal.App.2d 623, 624, 629 [striking invalid condition of probation after defendant found to have violated it].) Like the court in *D.H.,* we remand for the court to modify probation condition 10(p) in the first instance. (*D.H., supra,* 4 Cal.App.5th at p. 729.)

IV. *Assembly Bill No. 1950*

We accept the People's concession that Davis is entitled to the benefit of Assembly Bill No. 1950, which the Governor signed into law on September 30, 2020. (Stats. 2020, ch. 328, § 2.) Assembly Bill No. 1950 amended section 1203.1 to limit felony probation terms to no longer than two years, except for certain offenses not relevant here. (See § 1203.1, subd. (m)(1).)

The People acknowledge that this court has previously held that Assembly Bill No. 1950 applies retroactively to cases that were not final as of its January 1, 2021 effective date. (See *People v. Sims* (2021) 59 Cal.App.5th 943, 947 [concluding that, pursuant to *In re Estrada* (1965) 63 Cal.2d 740, Assembly Bill No. 1950's "limitation on the maximum duration of felony probation terms constitutes an ameliorative change to the criminal law that applies retroactively to cases that were not reduced to final judgment as of the new law's effective date"].) Under *Sims*, the new law applies to this case.

With respect to the appropriate remedy, the People argue that "remanding the case to the superior court is beneficial to the probationer and the public. Remand permits the trial court to adjust, modify, or strike probation terms, so that they can be complied with before termination of

14

probation or removed from consideration of whether the probation terminated successfully. The trial court can determine the date probation terminated or will terminate under the new law, and whether conditions remained unmet. By contrast, the Court of Appeal cannot determine from the appellate record whether a probation-tolling revocation is underway, whether the probationer has outstanding community service hours, failed a recent drug test, expressly agreed to an extension of probation to achieve a goal or complete a program, was making scheduled restitution payments, or made the most of probation early on and deserves to be successfully discharged without term modifications."

We remand the matter to the trial court to correct the minute order governing the length and terms of probation to reflect a two-year term of formal probation.

## V. *Assembly Bill No. 1869*

The People concede that Assembly Bill No. 1869 applies to Davis and that after July 1, 2021, its effective date, he is no longer required to pay the $154 criminal administration fee.

At sentencing, the court ordered Davis to pay a $154 administrative fee (Gov. Code, § 29550 et seq.). Since the sentencing hearing in this case, the Governor signed Assembly Bill No. 1869 into law, which eliminates many fines, fees, and assessments courts impose under a range of statutes. (Assem. Bill No. 1869 (2019-2020 Reg. Sess.) §§ 2, 62.)

Among other provisions, section 11 of Assembly Bill No. 1869 added Government Code section 6111, which provides that "the unpaid balance of any court-imposed costs pursuant to Section 27712, subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a

15

judgment imposing those costs shall be vacated." (Gov. Code, § 6111, subd. (a).)

Under the plain language of Government Code section 6111, subdivision (a), the unpaid balance of the criminal justice administration fee is unenforceable and uncollectible, and the portion of the judgment imposing such costs must be vacated. We vacate any balance of the costs imposed by the court pursuant to Government Code section 29550.1 that remains unpaid as of July 1, 2021. (See *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 949.)

## DISPOSITION

On remand, the court is directed to permit the modification of probation condition 10(p); reduce Davis's probation to two years; and vacate any portion of the $154 criminal justice administration fee imposed under Government Code section 29550.1 unpaid as of July 1, 2021. In all other respects, the judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

HALLER, Acting P. J.

GUERRERO, J.

16